335 P.2d 613

**STATE of Arizona, Plaintiff,**

v.

**George B. WILSON, Jr., Defendant.**

**No. 1135.**

Supreme Court of Arizona.

Feb. 25, 1959.

214

Charles C. Stidham, County Atty., Vernon B. Croaff, Deputy County Atty., Phoenix, for the State.

Stephen W. Connors, Phoenix, for defendant.

UDALL, Justice.

Defendant, George B. Wilson, Jr., was informed against for murder in the first degree. He timely moved, under A.R.S. § 13–145, to quash the information upon the ground of former jeopardy. The trial court was of the opinion that the basic question raised was sufficiently doubtful and important to require the decision of this Court before placing defendant on trial for his life. With the consent of the defendant the matter was therefore certified to this court under the provisions of Rule 346, Rules of Criminal Procedure, A.R.S. Vol. 17.

Before stating the question for decision we deem it advisable to briefly recite the pertinent facts so that the full import thereof will be better understood. On

July 5, 1957, the defendant shot his wife, Maxine Wilson, between the eyes with a .22 caliber rifle. She was thereupon hospitalized and on October 15, 1957 was discharged. She declined to permit the removal of the slug which was lodged at the base of her sinuses.

A criminal complaint charging defendant with an assault with intent to kill and murder the said Maxine Wilson was filed before a magistrate, a preliminary hearing was held thereon and defendant was held to answer to the superior court on said charge. On July 19, 1957, the county attorney filed an information (Criminal cause No. 30749) in the superior court of Maricopa County, charging defendant with said offense. Thereafter, on October 14, 1957, an amended information was filed charging that defendant Wilson did " * * * with a certain deadly weapon, to wit: a .22 rifle, make an unlawful assault on the body and person of one Maxine Wilson." A plea of guilty to said amended information was entered and on November 18, 1957, he was adjudged guilty by the court and as punishment was sentenced to serve not less than four nor more than six years in the Arizona State Penitentiary. The defendant immediately entered upon the service of said sentence and is now incarcerated in the penitentiary.

The certificate recites:

"9. That the said Maxine Wilson died on April 9, 1958, of an acute

purulent meningitis which was the proximate result of the July 5, 1957, wound and there was no act of the defendant subsequent to the shooting of July 5, 1957, which in any way contributed to her death nor was there any other independent outside act which contributed to her death."

Death of the victim having occurred within a year (A.R.S. § 13–458), a murder complaint was filed against defendant and after a preliminary hearing the defendant, on July 2, 1958, was charged, in proper legal terminology, with murder in the first degree (Criminal cause No. 32477), the information setting forth the shooting of July 5, 1957, and stating that the victim, Maxine Wilson, " * * * lingered and died on or about the 9th day of April, 1958, as a result of said shooting."

The certified question is as follows:

"Where a defendant committed an assault with a deadly weapon upon a victim who appeared to survive the effects thereof and the defendant was then charged with the crime of assault with a deadly weapon, pled guilty thereto, and was adjudged guilty thereof and a judgment of sentence was thereupon pronounced and placed into operation, and thereafter, and without any additional act on the part of the defendant, or any other person, the victim dies from the effect of the shot,

does the judgment of guilt and the judgment of sentence of the offense of assault with a deadly weapon constitute placing the defendant in jeopardy so as to bar a prosecution for murder in relation to the victim?"

This raises an interesting question and one which is rarely involved. Article 2. section 10, Constitution of Arizona, A.R.S., prohibits a person to be " * * * twice put in jeopardy for the same offense." The question stated more succinctly is, did defendant's plea of guilty to assault with a deadly weapon, with the resulting judgment of conviction, constitute former jeopardy so as to be a bar to this prosecution for murder? In the few cases considering the question, it has been uniformly held that an acquittal or conviction on a charge of assault does not bar a prosecution for murder where the victim dies after the first trial. See, Annotation 37 A.L.R.2d p. 1072.

The test to be applied is whether the facts charged in the latter information would, if found to be true, have justified a conviction under the earlier information. If they do, then the judgment on the earlier information is a complete bar to a prosecution under the later information, otherwise not. The rule seems to be firmly established that in order for a former conviction or acquittal to be a bar to a subsequent prosecution, the two offenses must be the same both in law and in fact.

In Wharton's Criminal Evidence, 12th Ed., Vol. 2, section 653, Identity of Offenses, it is stated:

"To prove former jeopardy it must be shown that the offenses involved in the two prosecutions are the same. It must be shown that the offense for which the defendant is on trial was either described in the first indictment or so necessarily connected with it that judgment could have been rendered upon the offense upon conviction of the defendant.

"The test to determine the identity of the second offense is whether or not the evidence necessary to convict in the second case was admissible under the first charge, whether it related to the same charge, and whether it warranted a conviction on the first charge. * * *"

In State v. Littlefield, 70 Me. 452, 35 Am. Rep. 335, it was stated:

"At the time of the first prosecution and conviction the defendant had not committed the crime with which he is now charged. True, the force had been inflicted upon the body of Morton, but his death had not ensued. The force was acting to produce its effect, and the defendant was as much responsible for its natural and necessary result as if he had all the while been pressing it upon the body of his victim.

When *death was caused* by that force *a new and distinct crime* was consummated *by the defendant*, of which he was not *before* guilty, and for which he could not have been convicted at the time of the first prosecution. The offenses are not the same in fact, and therefore are not identical." (Emphasis supplied.)

The leading State case on the subject is the excellent decision in People v. Harrison, 1946, 395 Ill. 463, 70 N.E.2d 596, 599, certiorari denied 334 U.S. 812, 68 S.Ct. 1013, 92 L.Ed. 1744, which is squarely in point and all of the authorities are collated therein. In that case the Illinois court pointed out that the crime of murder was not an offense of which the defendant might have been convicted on the indictment charging an assault with intent to commit murder; that, at the time the defendant was acquitted of assault he was charged with and had committed no other offense; and that at the time of the first trial it could not be determined whether his action would result in the death of his victim. Consequently, it was held that on his first trial he was not "in peril of being convicted" of the charge of murder contained in the second indictment.

We add this quote from the Harrison opinion, supra:

"In I Bishop's New Crim.Law, sec. 1059, p. 634, the rule is stated as fol-

lows: 'If within a year and a day after a battery the injured person dies, the offense becomes a felonious homicide. Then, though there should have been an intermediate conviction for assault and battery there may be a prosecution for the homicide; not, it appears, because the battery is the less offense, but because the blow which had not produced death is, when viewed in the light of its results, a thing different from the blow which produced death.' In a Scotch case (Stewart's Case 5 Irvine, 310) it was said: 'There never can be the crime of murder until the party assaulted dies; the crime has no existence in fact or law till the death of the party assaulted. Therefore it cannot be said that one is tried for the same crime when he is tried for assault during the life, and tried for the murder after the death, of the injured party. That new element of the injured person's death. is not merely a supervening aggravation, but it creates a new crime.' "

See, also, Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, 26 Am.Jur., Homicide, section 182; State v. Wheeler, 173 La. 753, 138 So. 656.

Applying these legal principles to the facts of the instant case, it seems crystal clear that the offense first charged, i. e., "assault with a deadly weapon" and the crime of "murder" charged in the in-

stant case are not identical, nor different grades of the same offense, nor was murder an offense of which he might have been convicted under the first information.

The answer to the question presented by the certification is No.

PHELPS, C. J., and STRUCKMEYER, JOHNSON and BERNSTEIN, JJ., concurring.