544 P.2d 261

**STATE of Arizona, Appellant,**

v.

**Benito Hernandez LOPEZ, Appellee.**

**No. I CA–CR 1182.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 6, 1976.

Rehearing Denied Feb. 13, 1976.

Review Denied March 9, 1976.

Moise E. Berger, County Atty. by J. Daniel Hicks, Deputy County Atty., Phoenix, for appellant.

Raineri & Raineri by Anthony J. Raineri, Phoenix, for appellee.

OPINION

JACOBSON, Presiding Judge.

The sole issue raised in this appeal by the state is whether the trial court has discretion to place a criminal defendant on probation when he is convicted of robbery where a gun is used and sentence imposed under A.R.S. § 13–643.

The defendant-appellee, Benito Hernandez Lopez, was convicted by a jury of armed robbery on December 4, 1974. The testimony indicated that the defendant used a gun in effecting the robbery. At the time of sentencing, the trial court felt there was some confusion in interpreting the sentencing statute in such a case, A.R.S. § 13–643(A), (B) and (C) (Supp.1975) [1] and thus sentenced the defendant alternatively. The alternative sentences were that

1. § 13–643. Punishment

A. Robbery shall be punished by imprisonment in the state prison for not less than five years.

B. [1] Robbery committed by a person armed with a gun or deadly weapon is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for a first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed.

C. Any person convicted of robbery armed with a deadly weapon other than a gun who is placed on probation in accordance with the terms of this section shall upon sentencing, be committed to the department of corrections for a period of not less than thirty days. As amended Laws 1967, Ch. 62 § 10; Laws 1974, Ch. 144, § 3; Laws 1975, Ch. 23, § 3.

**438**

if a higher court ruled that A.R.S. § 13–643 required a mandatory 5-year sentence, defendant was sentenced to 5 years in the State Prison. However, if such a ruling did not require the 5-year mandatory sentence, defendant was sentenced to 5 years probation, a condition of the probation being that he spend 6 months in the county jail.

The defendant then brought a special action in the Arizona Supreme Court, which by a memorandum decision, in effect held that the alternative sentencing procedure was improper and the trial court must choose between the alternative sentences. The Supreme Court gave no indication whether either of the alternatives were proper under A.R.S. § 13–643.

On remand, the trial court sentenced the defendant to five years probation with 6 months in the county jail as a condition of probation. The state has appealed, contending that the trial court had no discretion to grant probation to a defendant convicted of armed robbery with a gun.

This exact issue has recently been passed upon by Division 2 of the Court of Appeals in *State v. Vondohlen,* 24 Ariz.App. 362, 538 P.2d 1163 (1975). In that case, the court held:

"Reading the statute as a whole, we find a legislative intent that any person convicted of robbery while armed with a gun be incarcerated for a prescribed period of time."

We agree with the conclusion reached by Division 2 and hold that a person convicted of robbery while armed with a gun must be given a mandatory prison sentence of not less than five years, without eligibility for suspension, commutation of sentence, probation, pardon or parole, until that minimum sentence has been served.

The sentence of the trial court is reversed and the matter remanded for sentencing in accordance with this decision.

EUBANK, J., and HAIRE, C. J., Division 1, concur.