545 P.2d 999

**The STATE of Arizona, Appellee,**

v.

**Clifford Earl HILL, Appellant.**

**No. I CA–CR 1152.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 13, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Lindauer & Logan, P.A. by George Logan, III, Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

After a trial to the court, appellant was convicted of being an accessory to armed robbery. ARS § 13–141. On appeal he raises two issues. First, whether a dismissal with prejudice of the charge against him as a principal in the armed robbery offense bars, on the grounds of double jeopardy, a charge against him as an accessory (§ 13–141, supra). Second, whether the admission of statements by appellant to a police officer without his attorney present violated appellant's Sixth Amendment right to counsel.

As to the first ground on appeal we are unable to agree with appellant's contention of double jeopardy. In order for the principle of double jeopardy to apply, the two alleged crimes must have identical components. The test to be applied is whether the facts charged in the latter information would, if found true, have justified a conviction under the earlier information. *State v. Hutton*, 87 Ariz. 176, 349 P.2d 187 (1960); *State v. Wilson*, 85 Ariz. 213, 335 P.2d 613 (1959).

It is equally well established that the offense of being an accessory after the fact (§ 13–141) is a separate and distinct offense from that of being a principal in the crime itself. *State v. Rackley*, 106 Ariz. 424, 477 P.2d 255 (1970); *State v. Sims*, 99 Ariz. 302, 409 P.2d 17 (1966), cert. den., 384 U.S. 980, 86 S.Ct. 1880, 16

L.Ed.2d 691; *State v. Jolly*, 196 Kan. 56, 410 P.2d 267 (1966); *State v. McIntosh*, 260 N.C. 749, 133 S.E.2d 652 (1963) (acquittal on a charge of accessory after the fact is not a bar to prosecution for the offense itself). A requisite proof for conviction as a principal in an offense involves showing acts which themselves constitute the offense. The proof for conviction of the accessory charge involves the showing of conduct *after* the offense has been committed. Clearly, these are different separate offenses; the cases cited by appellant support rather than refute this conclusion.

In *Crosby v. State*, 179 Miss. 149, 175 So. 180 (1937), cited by appellant, the Court held that proof that an individual is a principal in an offense is not sufficient to show that he is an accessory to that offense. Likewise, *People v. Chadwick*, 7 Utah 134, 25 P. 737 (1891) (also cited by appellant) stated that proof of an individual's guilt as an accessory is not proof that he is a principal. However, the armed robbery charge against appellant was dismissed and proof of his being a principal was not used to prove that he was an accessory after the fact. It is our opinion that a charge for an offense and a charge for being an accessory after the offense has been committed are separate charges and a dismissal on one does not bar prosecution for the other.

For his second ground on appeal appellant claims that he was "questioned on several occasions by Phoenix police officers without ever being advised of his rights and in the absence of counsel." Appellant claims that this questioning took place after his preliminary hearing. In our review of the record, we can find only one time that statements made by appellant to the police after the preliminary hearing were admitted into evidence.[1]

---

1. The police also questioned appellant when they arrested him on the original armed robbery charges. However, appellant did not object to the admission of testimony regarding statements made at this time after the police officer testified that he recalled that another officer gave appellant his rights. Therefore, it appears that these statements were properly admitted.

On August 14, 1974, two Phoenix police detectives were cruising their assigned area. They had previously arrested appellant for armed robbery, but had not yet apprehended his alleged accomplice. While the detectives were cruising, they saw appellant on the street corner. They stopped, showed appellant a photograph of his alleged accomplice and asked appellant if he had seen her. Appellant responded that "You showed me that photograph before and I told you I didn't knew that person, man." The detectives did not advise appellant of his *Miranda* rights prior to this conversation. Preliminarily, we feel that this dialogue on the street corner was not an in-custody interrogation requiring *Miranda* warnings. See *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Miranda* warnings are required where a person has been taken into custody or deprived of his freedom in any significant way. In *State v. Bainch*, 109 Ariz. 77, 505 P.2d 248 (1973), our Supreme Court set out the following test for determining when *Miranda* warnings were required:

> The fact that an officer may be suspicious of an individual is not the test as to whether *Miranda* warnings must be given prior to questioning, nor is the mere presence of a police officer to be considered a restraint on the suspect's liberty. The vital point is whether, examining all the circumstances, the defendant was deprived of his freedom of action in any significant manner, and the defendant was aware of such restraint. In the latter instance the *Miranda* warnings are required to be given before the statements of the defendant may be received in evidence against him. 109 Ariz. at 79, 505 P.2d at 250.

See also *State v. Mayes*, 110 Ariz. 318, 518 P.2d 568 (1974) (officers' questioning of suspects on the street who the police officers thought were under the influence of some drug or alcohol was held not to be custodial interrogation requiring *Miranda* warnings). In the current case, the detective testified that the dialogue with appellant was an "informal conversation." After the single question and response, appellant went on his way. There is nothing to indicate that he was under any restraint or psychological coercion as described in *Miranda*. The trial court specifically found that the statements did not come within the purview of *Miranda*. Accordingly, we hold that the dialogue between appellant and the detective in the current case is not an in-custody interrogation as defined by *Miranda* and the requisite warnings were not required.

Appellant, however, presents a more novel problem. At the time of the August 14 conversation, the detective apparently knew that appellant was represented by an attorney on the armed robbery charges. Appellant contends that under the precedent established by *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), he was entitled to have an attorney present at the time of this conversation.

*Massiah* involves a completely different fact situation than the current case. In *Massiah* the defendant was under indictment and was represented by an attorney for violating federal narcotics laws. After his indictment one of his co-conspirators decided to cooperate with the government and the government installed a radio transmitter in the informant's car. The informant had a lengthy conversation with Massiah in the car during the course of which Massiah made several incriminating statements. These statements were admitted at trial for the narcotic offense. On appeal the United States Supreme Court reversed, but concluded:

> We do not question that in this case, as in many cases, it was entirely proper to continue an investigation of the suspected criminal activities of the defendant and his alleged confederates, even though the defendant had already been indicted. All that we hold is that the defendant's own incriminating statements,

obtained by federal agents under the circumstances here disclosed, could not constitutionally be used by the prosecution as evidence against him at this trial. 377 U.S. at 207, 84 S.Ct. at 1203.

In the current case the police officers were attempting to locate an accused felon. Unlike *Massiah*, they were not attempting to elicit incriminating statements from appellant. In fact they were not even investigating appellant's participation in the armed robbery offense. Further, the statements obtained were not used in appellant's trial for the armed robbery charges, but rather in a trial for a completely different offense. We need not decide the more difficult question of whether statements obtained under the present fact situation could be admitted in appellant's armed robbery trial. Appellant's act of harboring an accused felon was subsequent to the offense for which he was charged and we do not think that appellant's indictment on one charge immunizes him from responsibility for subsequent criminal acts.

In *United States v. Osser*, 483 F.2d 727 (3rd Cir. 1973), cert. den., 414 U.S. 1028, 94 S.Ct. 457, 38 L.Ed.2d 221, the defendant was indicted for election machine tampering. While this and other matters were under investigation the defendant entreated a witness who was cooperating with the government not to testify before a grand jury. The government, with the consent of the informant, taped this conversation and it was admitted at defendant's trial for obstructing justice. The appellate court agreed that this evidence was proper and *Massiah* was not applicable. See also *United States v. Edwards*, 366 F.2d 853, 873 (2nd Cir. 1966), cert. den., 386 U.S. 919, 87 S.Ct. 882, 17 L.Ed.2d 790 ("We do not read *Massiah* as forever immunizing a defendant under indictment for a distinct and unrelated crime from the normal techniques employed by law enforcement officials to investigate other and wholly separate offenses"); *Vinyard v. United States*, 335 F.2d 176 (8th Cir. 1964) (The court limited *Massiah* to receive into evidence statements surreptitiously elicited from a defendant after indictment, in the absence of his counsel and which were intended to be used in the prosecution of the offense for which defendant had been indicted); *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966) (While the defendant was on trial for another offense the government utilized a close associate of the defendant for an informant; this informant was permitted to testify regarding defendant's tampering with the jury).

Appellant cites *State v. Witt*, 422 S.W.2d 304 (Mo.1967) for the proposition that the *Massiah* rule is violated when a defendant represented by counsel on one charge was thereafter warned of his rights but was questioned in the absence of counsel regarding a different charge. We are unable to find anything in *Witt* to support this proposition. Contrary to appellant's assertion, *Witt* involved an in-custody interrogation without notice to defendant's lawyer regarding the crime for which the defendant was charged and for the purpose of obtaining incriminating statements for that offense. Accordingly, *Witt* does not support appellant's position.

In conclusion, in light of the foregoing facts and the foregoing authority, we do not think that appellant's Sixth Amendment rights were violated by the brief, non-custodial conversation that occurred in the current case.

Judgment affirmed.

FROEB and OGG, JJ., concur.