559 P.2d 195

STATE of Arizona, Appellee,

v.

Joe P. ZAMORA, Appellant.

No. 1 CA–CR 1273.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 9, 1976.

Rehearing Denied Jan. 14, 1977.

Review Denied Feb. 1, 1977.

---

Schroeder, P. J., filed specially concurring opinion.

Bruce E. Babbitt, Atty. Gen. by Thomas Bakker, Diane De Brosse, Asst. Attys. Gen., Phoenix, for appellee.

Mehrens & Pearce, P.A. by Craig B. Mehrens, Phoenix, for appellant.

## OPINION

WREN, Judge.

The defendant was found guilty on Count I, possession of marijuana for sale in violation of A.R.S. § 36–1002.06, and Count II,

transportation of marijuana in violation of A.R.S. § 36–1002.07. He was sentenced to not less than two nor more than six years in prison on the possession for sale charge, and to five years probation on the transportation charge.[1]

He challenges the conviction and sentence only on Count I, the charge of possession for sale, claiming that the trial court (1) erred in denying his motion to suppress evidence; and (2) violated the double punishment prohibition of A.R.S. § 13–1641.

## MOTION TO SUPPRESS

Defendant contests the validity of the search of the trunk of his automobile on the "very faint" odor of marijuana detected by the arresting officer who had initially stopped the vehicle for a speeding violation, particularly so when the other officer at the scene was unable to verify any such odor.

■ The argument is wholly without merit. The odor of marijuana is in itself enough to provide probable cause to initiate a search. *State v. Raymond,* 21 Ariz.App. 116, 516 P.2d 58 (1973); *State v. McGuire,* 13 Ariz.App. 539, 479 P.2d 187 (1971). Nor is there any requirement that it be a strong odor.

In *State v. Harrison,* 111 Ariz. 508, 509, 533 P.2d 1143, 1144 (1975), the Supreme Court noted:

"The officer testified that he smelled the odor of marijuana as he examined the tire of the defendant's vehicle. This provided sufficient probable cause for the officer to make a further search and to arrest Harrison."

Moreover, there is no requirement that the other officer must have also detected the odor before search of the trunk could lawfully commence. See *Whitely v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *State v. Smith,* 110 Ariz. 221, 517 P.2d 83 (1973).

We find there was sufficient evidence to support the trial court's denial of the motion to suppress.

## DOUBLE PUNISHMENT

A.R.S. § 13–1641 provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

It is defendant's position that, although the court could properly convict and sentence him for transportation of marijuana, it was prohibited from doing so on the charge of possession of marijuana for sale, because of "double punishment" in violation of the statute. He further contends that since the possession for sale charge constituted the "lesser conviction", under the language of numerous cases, it is the one which must be vacated. Defendant specifically points to *State v. Benge,* 110 Ariz. 473, 520 P.2d 843 (1974), wherein the appellant had also been convicted of possession of marijuana for sale and transportation of marijuana.

"Having found that appellant should not have been convicted of both charges, we hold that appellant's conviction for possession of marijuana for sale must be vacated." 110 Ariz. at 479, 520 P.2d at 849.

Since transportation of marijuana is punishable by ". . . imprisonment in the state prison from five years to life . ." [A.R.S. § 36–1002.07(A)] and possession of marijuana for sale is punishable by ". . imprisonment in the state prison for not less than two years nor more than ten years . . ." [A.R.S. § 36–1002.06(A)] defendant argues that the legislature has made possession for sale the lesser offense by

---

1. We would initially note that the concurrent terms of confinement and probation are apparently in conflict with *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976). However, this problem is rendered moot by counsel's agreement and our decision that one conviction be vacated because of double punishment.

exposing a defendant to a lesser maximum sentence.

■ The State, while conceding a violation of the statute by the double sentencing[2] since the only marijuana found was in the trunk of the vehicle being driven by defendant,[3] contends that imposition of the prison sentence on the possession for sale charge automatically makes it the greater conviction, requiring that the transportation charge be set aside as the lesser conviction, since it brought only a five year probationary sentence.

The State would thus define "lesser conviction" as that which received the lesser sentence. The defendant would define it as that for which the legislature prescribed a lesser punishment.

At first blush the issue might appear to be one easy of resolution, but an analysis of the numerous appellate decisions in Arizona leads only to confusion as to what is meant by the term "lesser conviction".

■ Obviously the multiple punishment statute (§ 13–1641) was intended to be applied prior to a defendant being sentenced on both charges. The error occurs when the trial court, after verdicts of guilt, imposes punishment on both charges, or allows both convictions to stand, even though imposing punishment on only one. As the Arizona Supreme Court noted in *State v. Lippi,* 108 Ariz. 342, 498 P.2d 209 (1972), "punishment" under the statute (§ 13–1641) includes *both* the conviction and the sentence imposed thereon. The proper procedure, after a jury has returned verdicts of guilty on two separately charged crimes based on a single act, is for the trial judge to set aside one of the verdicts.

The language of *Benge,* noted above, "should not have been convicted of both charges", seems to imply that the appellant there should not have been found guilty of both charges in the first place. Such language is also contained in *State v. George,* 108 Ariz. 5, 491 P.2d 838 (1971).

However, *People v. Chessman,* 52 Cal.2d 467, 341 P.2d 679 (1959) (rehearing den. 361 U.S. 925, 80 S.Ct. 296, 4 L.Ed.2d 241), in construing California Penal Code § 654 from which our statute was taken, *State v. Ballez,* 102 Ariz. 174, 427 P.2d 125 (1967), concluded that *while there may be an initial conviction for both crimes* only one may be punished. See also, *State v. Sumter,* supra.

■ It appears clear that *Benge* cannot be interpreted as meaning that the multiple verdicts were improper, since the submission of multiple counts to the jury was approved even though double punishment became applicable upon conviction. Clearly § 13–1641 does not require the prosecution to elect as to which count it will submit to the jury. *State v. Sumter,* supra. Cf. also *State v. Ballez,* supra, where the appellant successfully challenged a violation of § 13–1641 from his conviction for both robbery and grand theft from the person, but he unsuccessfully urged that both charges should not have been brought.

Turning now to the basic question before this Court, since the trial court can punish for only one offense, is it required to punish the more serious one?

Confusion in the case law has arisen where the defendant has been sentenced on both offenses in violation of the statute, and, since normally a more severe or at least equal sentence is meted out on the greater crime, the courts, although generally setting aside the lesser crime, have been careless in the language used to rectify the situation. The words "sentence" and "conviction" have often been used interchangeably, and, unfortunately, in a confusing way.

When the potential sentences are identical the reviewing courts have generally set aside the offense which brought the lighter

---

2. See *State v. Sumter,* 24 Ariz.App. 131, 536 P.2d 252 (1975).

3. *State v. Howes,* 109 Ariz. 255, 508 P.2d 331 (1973); where a single act violates more than one statute, the defendant is protected against double punishment by A.R.S. § 13–1641. *State v. Mendoza,* 107 Ariz. 51, 481 P.2d 844 (1971); *State v. Mitchell,* 106 Ariz. 492, 478 P.2d 517 (1970).

sentence. Conversely, when the sentences are equal judicial scrutiny has focused on the underlying statutory penalties.[4] This uncertain case law and the language confusion generated therein intensifies the problem here where the *greater* punishment has been inflicted on the *lesser* crime.

"A single act constituting an essential element of two separately charged crimes may result in an initial conviction of both crimes *but only one—the more serious offense—will be punished.*" *People v. Chessman,* 341 P.2d at 697. (Emphasis supplied.)

In *State v. Mendoza,* supra, 107 Ariz. at 56, 481 P.2d at 849, the Arizona Supreme Court noted that:

". . . where a person is convicted and sentenced on two counts based upon one act, . . . the trial judge should *then* set aside the lesser conviction." (Emphasis added.)

While we do not comprehend the inclusion of the words "and sentenced" in *Mendoza,* the Supreme Court could not mean that, as a requisite to setting aside the lesser conviction, the trial court must first impose a sentence on that conviction. It would appear fruitless to require that the judge must first deliberately create a double punishment situation by sentencing on the lesser crime, and then immediately vacate the same sentence and the conviction behind it.

In *State v. Sumter,* supra, it was held that the trial court properly avoided double punishment by sentencing on only one count (possession of marijuana for sale) and vacating the other count (transportation of marijuana) at the time of sentencing. However, while it is true that the court sentenced on the lesser charge of possession for sale and vacated the conviction for the greater crime of transportation, the issue was obviously neither raised nor considered.

In approving the procedure used this court was merely turning aside the appellant's contention that the prosecutor should have been required to elect between the two counts before submitting them to a jury.

So far as double punishment itself is concerned the doctrine of stare decisis leaves little doubt that the preferred procedure is to set aside the lesser conviction. The major crime for which a defendant is found guilty by a jury in a court of law should not go unpunished. Our conclusion therefore is that the trial judge should have vacated defendant's conviction for possession of marijuana for sale and sentenced only on the transportation of marijuana charge.[5]

By analogy we should do the same. However, for this Court to follow that procedure would raise yet another problem. While we could merely affirm the sentence of probation on the transportation conviction, we note that such a result would violate the clear intent of the trial judge that defendant serve a term of years in prison for his crime. The situation is obviously distinguishable from those where equal concurrent terms (or a lesser concurrent term on the vacated conviction) were imposed and the sentence on the greater conviction affirmed, in that the sentencing objectives of the trial judge were not abrogated. *State v. George,* supra; *State v. Arce,* 107 Ariz. 156, 483 P.2d 1395 (1971).

We are also mindful that the minimum prison term for transportation is five years and of the United States Supreme Court decision of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In that case, the Supreme Court held that although the guarantee against double jeopardy imposes no restrictions upon the length of sentence imposed on a defendant upon reconviction, it would violate due process if a trial court were to

---

4. *State v. Scarborough,* 110 Ariz. 1, 514 P.2d 997 (1973); *State v. George,* supra; *State v. Mitchell,* supra; *State v. Ballez,* supra.

5. It is of course obvious that the trial court, desiring to impose a prison term, may have

utilized the possession for sale charge as a means of avoiding the five year minimum required by the transportation charge.

impose a heavier sentence upon a reconvicted defendant for the purpose of punishing him for having his conviction set aside. To assure the absence of any such retaliatory motivation, the Supreme Court concluded that when a heavier sentence is imposed upon reconviction, the reasons for so doing must affirmatively appear in the record and must relate to objective, identifiable conduct on the part of the defendant occurring after the original sentencing proceeding.

The Arizona Rules of Criminal Procedure, 17 A.R.S. have codified the *North Carolina v. Pearce* rule:

"Rule 26.14 Re-sentencing

Where a judgment or sentence, or both, have been set aside on appeal, by collateral attack or on a post-trial motion, the court may not impose a sentence for the same offense, or a different offense based on the same conduct, which is more severe than the prior sentence unless it concludes, on the basis of evidence concerning conduct by the defendant occurring after the original sentencing proceeding, that the prior sentence is inappropriate."

Recently Department A of this Court, in *State v. Castro,* 27 Ariz.App. 323, 554 P.2d 919 (1976), held, on similar facts and the identical issue, that *Pearce* would preclude a prison term on the resentencing, and therefore vacated the greater conviction (transportation of marijuana) in favor of the prison term and the lesser conviction (possession of marijuana for sale), *Castro* concluded that such a procedure was within the discretion of the appellate court.

While we agree that the procedure used in *Castro* was within the sound discretion of this Court, we question whether *North Carolina v. Pearce* and Rule 26.14 are applicable to the situation of double punishment. The limitation against imposition of a heavier sentence in *Pearce* was arguably predicated only upon "reconviction" after error in the prior trial, and not to the situation where the sentencing procedure itself was invalid, and where the trial judge was obviously relating one count to the other in imposing sentence. Can a sentence voided by constitutional law be validated by the *Pearce* rationale merely because a defendant has appealed from that sentence?

This situation might well be more analogous to that which occurred in *State v. Lopez,* 25 Ariz.App. 437, 544 P.2d 261 (1976). There the appellant was convicted of armed robbery with a gun and sentenced to five years probation. The Court of Appeals held that such a sentence was impermissible under the statute which mandated a minimum five-year prison term. The case was remanded for sentencing. The resulting sentence to a prison term would not violate either Rule 26.14 or *North Carolina v. Pearce,* supra. The more severe sentence imposed after the original sentence was set aside might well be considered a correction of an invalid sentencing procedure and not as retaliation or punishment.

However, since we have the discretion to do so and wish to avoid a remand for resentencing, we need not address the issue of whether *Pearce* would proscribe a more severe sentence. The conviction and sentence on the charge of possession of marijuana for sale is therefore affirmed. The conviction and sentence on the charge of transportation of marijuana is vacated.

Affirmed in part and reversed in part.

JACOBSON, J., concurring.

SCHROEDER, Presiding Judge, specially concurring.

I concur in the result in this case, and believe that the Court has properly affirmed the conviction and sentence to a term of from two to six years on the charge of possession of marijuana for sale. However, I do not accept the suggestion in the majority opinion that this Court could in its discretion have remanded the matter to the trial court for imposition of a sentence higher than that originally imposed. In my view, it is manifestly unfair to subject a defendant to the possibility of receiving a higher prison sentence as a result of his own appeal.

One department of this Court, in *State v. Castro,* 27 Ariz.App. 323, 554 P.2d 919

(1976), has squarely stated that such a result is precluded by the United States Supreme Court decision in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Even assuming that the majority opinion today is correct in questioning the applicability of *Pearce* to this situation, our own Criminal Rule 26.14 categorically prohibits the possibility of a greater sentence upon remand absent changed circumstances. The rule provides in pertinent part:

"Where a judgment *or sentence,* or both, have been set aside on appeal, by collateral attack or on a post-trial motion, the court may not impose a sentence for the same offense, *or a different offense based on the same conduct,* which is more severe than the prior sentence unless it concludes, on the basis of evidence concerning conduct by the defendant occurring after the original sentencing proceeding, that the prior sentence is inappropriate." (Emphasis supplied.)

The majority interprets *Pearce* to apply only to sentencing upon "reconviction." Nevertheless, the language of our rule, which in my opinion correctly embodies the spirit of *Pearce,* rejects such a distinction and applies to resentencing as well as to reconviction. I see no valid reason why its terms should not be given effect.