638 P.2d 1348

STATE of Arizona, Appellant,

v.

John Thomas SEATS, Appellee.

No. 1 CA–CR 4481.

Court of Appeals of Arizona,
Division 1, Department A.

May 28, 1981.

Rehearing Denied June 30, 1981.

Review Granted July 14, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Thomas E. Collins, County Atty. by Herbert Williams, Deputy County Atty., Phoenix, for appellant.

Law Offices of Thomas A. Thinnes, P. A. by Thomas V. Rawles, Phoenix, for appellee.

OPINION

WREN, Chief Judge.

This appeal involves the issue of double jeopardy as to a conviction of reckless driv-

ing in municipal court and the prosecution of an aggravated assault charge in superior court arising out of the same set of circumstances. It further involves the issue of "double punishment" under A.R.S. § 13–116.[1]

The underlying events to the charges are as follows. In the early morning hours of August 10, 1979, the appellee-defendant, John Thomas Seats, was driving a Monte Carlo automobile in a residential area in Phoenix at a speed estimated to be from 60 to 100 miles per hour. The posted speed limit was 25 miles per hour. As Seats attempted to make a left turn at an intersection, he skidded into a vehicle parked in a private driveway and smashed into a nearby residence. Phoenix Police Officer Petchel arrived at the accident scene while Seats was still in the stalled Monte Carlo. Officer Petchel told Seats to get out of the automobile. Seats responded by backing his vehicle and driving toward Petchel, striking the officer's left leg with the left front bumper of the automobile. Again Seats drove toward Petchel, this time striking his upraised arm. Despite commands from police officers to stop, Seats then left the area at a high rate of speed.

Seats was charged by an indictment with aggravated assault, a Class 3 felony, in violation of A.R.S. §§ 13–1203, 13–1204(A)(2) and (B). The indictment was filed in Maricopa County Superior Court on August 14, 1979. On September 18, 1979, in Phoenix Municipal Court, Seats entered a plea of "no contest" to charges of reckless driving and leaving the scene of an accident. A.R.S. §§ 28–664 and 28–693(A). He was adjudged guilty on each and sentenced to a term of 20 days in the Maricopa County Jail. During the no contest proceedings in Municipal Court, the City Prosecutor presented the following factual basis for the pleas:

> [Prosecutor]: The booking slip would— Your Honor, the State would offer evidence in essence to the affect [sic] that

on August 10, 1979, at 1:30 a. m., the defendant was driving the vehicle in excess of 60 miles per hour westbound on Mariposa. He attempted to make a turn at that speed and failed to negotiate the turn. He drove into a yard thereabouts striking a vehicle and smashing the house. Police officers in full uniform who happened to be nearby at the scene responded to the accident. At that time, two subjects exited the vehicle and fled on foot. With another officer in pursuit, another officer approached the defendant who was behind the wheel. Upon seeing the officer, the defendant started the vehicle and backed out from the damaged house up to Officer Petchel who stood five feet in front of the vehicle and identified himself as a police officer and told the defendant to stop. The defendant screamed to the police officer and rapidly accelerated toward him. The officer was struck by the left front bumper on his left thigh knocking him 8 to 10 feet on the sidewalk. The officer then again yelled for the defendant to stop, the suspect veered toward the officer and struck his upraised elbow.

Striking the police officer as described the defendant continued southbound fleeing the scene. He made no attempt to identify himself to the officers or to the occupants of the house, there being occupants in the house at the time.

THE COURT: The record will indicate the Court has questioned the defendant and has received an offer of proof from the prosecutor.

There exists a basis of fact to believe the defendant guilty of the offense of reckless driving and leaving the scene of an accident.

1. All references are to statutory designations under the new Arizona Criminal Code, effective October 1, 1978.

[DEFENSE ATTORNEY] Before you proceed, Your Honor, can I make one thing clear for the record.

*That is the entire offer of the factual basis by the prosecutor was relied upon and required by you in order to find the factual basis for the charge of reckless driving, is that correct?*

THE COURT: *Yes, that is correct. As I understand the charge of reckless driving encompasses and embodies the striking of the police officer.* Technically, we cannot call that assault unless there is a lesser included offense. Reckless driving would not necessarily be a lesser included offense of aggravated assault, but *it would appear to me that all of these possible offenses grew out or partly out of the same transaction or series of transactions.* (Emphasis supplied).

Seats thereafter filed a motion to dismiss the superior court prosecution for aggravated assault, arguing that it placed him in double jeopardy because of the municipal court conviction for reckless driving. The superior court granted the motion and dismissed the indictment. The state has appealed.

### DOUBLE JEOPARDY

The substantive question presented in the briefs is whether Seats has been placed in double jeopardy as proscribed by the Fifth Amendment to the United States Constitution[2] and the Arizona Constitution, Article 2, Section 10.[3] (*See also* A.R.S. § 13–111.[4])

In *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the United States Supreme Court held that the double jeopardy clause barred a state prosecution and punishment for the crime of stealing an automobile, following a municipal court prosecution and punishment for the lesser included offense of operating the same vehicle without the owner's consent. The court cited the controlling test from *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which emphasizes the elements of the two crimes: if each requires proof of a fact that the other does not, the test is satisfied, notwithstanding a substantial overlap of the proof offered to establish the crimes.[5] In Arizona, this same test has been stated in different terms. It has been held that the test is whether or not the second trial is for the "same offense" in law and in fact as the first trial. *State v. Bollander*, 112 Ariz. 35, 537 P.2d 22 (1975); *State v. Wilson*, 85 Ariz. 213, 335 P.2d 613 (1959). It has also been stated that double jeopardy applies only where the two crimes have identical components. *State v. Hill*, 26 Ariz.App. 37, 545 P.2d 999 (1976); *State v. Wilson.*

Application of this test to the offenses presented here clearly demonstrates that they are different and that reckless driving is not a lesser included offense of aggravated assault. Reckless driving under A.R.S. § 28–693(A) has two elements: (1) the defendant must drive a vehicle and (2) he must drive it in reckless disregard for the safety of persons or property. As applied to this case, the elements of the of-

---

2. "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; ..."

3. "Section 10. No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense."

4. "§ 13–111. Former jeopardy or acquittal as bar to same or lesser offenses.

When the defendant is convicted or acquitted, or has been placed in jeopardy upon an indictment or information, the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in either, or for an attempt to commit the offense, or for any offense necessarily included therein, of which he might have been convicted under the indictment or information.

5. It is of course immaterial that the successive prosecutions occur in municipal court and state court. The concept of "double jeopardy" cannot be overborne by "dual sovereignty" i.e. state creation of political subdivisions with the power to punish crimes. *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978); *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, *reh. denied*, 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 79 (1970).

fense of aggravated assault under A.R.S. § 13–1203, § 13–1204(A)(2) and (B) are three: (1) the defendant must have acted intentionally, knowingly or recklessly; (2) he must have caused physical injury to another person; and (3) he must have used a deadly weapon or dangerous instrument to do so. Thus, in this case an essential element of aggravated assault, physical injury, is not an element of the offense of reckless driving. On the other hand, the offense of reckless driving requires that the defendant drive a vehicle. This is not an element of the crime of aggravated assault. Since the two offenses are different, we hold that Seats would not have been subjected to double jeopardy by facing prosecution on each. It was an improper ground for dismissal.

## DOUBLE PUNISHMENT

We next turn to the question of whether the Arizona "double punishment" statute would be offended by the second prosecution in superior court on the assault charge. We consider the issue *sua sponte* since it was not raised in the briefs.

A.R.S. § 13–116 provides:

§ 13–116. Double punishment

An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other, to the extent the constitution of the United States or of this state require.

In comparing this statute with its predecessor, one author has stated the following:

This statute amends prior A.R.S. § 13–1641, which reads as follows:

An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution

for the same act or omission under any other.

The first sentence of new A.R.S. § 13–116 refers to statutes whose coverages overlap and whose penalties differ. The second sentence refers to the double jeopardy provisions . . . .[6]

R. Gerber, *Criminal Law of Arizona*, 1978, at page 23.

The new statute obviously represents a substantial departure from the previous one. Under the former statute, the same act or omission could only be punished under one of two or more applicable statutes. Under the current version of the double punishment statute, the same act or omission may be punished under more than one section of the law, as long as the sentences imposed are made to run concurrently.

The cases construing former A.R.S. § 13–1641 applied an "identical elements" test to determine whether the same act or omission was being punished more than once. This test required the reviewing court to apply the facts of the case to the elements of one charge and then determine whether there were sufficient facts remaining to support the elements of a second charge. *State v. Holley*, 123 Ariz. 382, 599 P.2d 835 (App. 1979), *cert. denied*, 444 U.S. 970, 100 S.Ct. 464, 62 L.Ed.2d 386 (1979). Thus, in *State v. Tucker*, 113 Ariz. 475, 557 P.2d 160 (1976), the Supreme Court upheld a conviction of two counts of assault following a conviction of reckless driving, on facts similar to those presented here. The court found no violation of the double punishment statute, § 13–1641, because, when the specific acts of the defendant upon which the assault charges were based were eliminated (veering his automobile toward an oncoming police officer in a patrol car and ramming a second patrol car containing an officer), there remained sufficient facts upon which to support the charge of reckless driving (speeding, ignoring traffic signals, driving carelessly and imprudently in maneuvering corners, etc.). *See State v. Ferguson*, 119 Ariz. 55, 579 P.2d 559 (1978); *State v. Davis*, 119 Ariz. 529, 582 P.2d 175 (1978); *State*

---

**6.** See our discussion of the double jeopardy issue, *supra*.

*v. Arnold*, 115 Ariz. 421, 565 P.2d 1282 (1977). In addition, where the double punishment statute was offended, the proper remedy was to vacate the conviction and sentence on one of the counts. *State v. Zamora*, 114 Ariz. 75, 559 P.2d 195 (App. 1976). The "identical elements" test, formerly employed to interpret A.R.S. § 13–1641, retains viability under § 13–116 as the proper way to determine when two sentences must be made to run concurrently. *State v. Gordon*, 125 Ariz. 425, 610 P.2d 59 (1980).

■ In applying the facts of this case to the "identical elements" test we find that the test cannot be met. Obviously sufficient facts are present in the total record to support both a reckless driving conviction and an assault conviction. *See State v. Tucker.* However, the problem is that the record of the municipal court proceedings makes it clear that the judge there specifically relied upon the acts of striking the police officer with the automobile in finding that there existed "a basis of fact to believe defendant guilty of the offense of reckless driving." Therefore such acts (striking the officer) do not remain for application to the elements of the crime of aggravated assault and any punishment meted out on the assault charge must be on a concurrent basis with the punishment previously imposed for reckless driving.

Clearly this result would not have obtained from a mere adjudication of guilt to the charge of reckless driving by the municipal court judge, and a finding, express or implied, that guilt on his no contest plea was supported factually from the *entire record.* Given the facts of a high rate of speed in a residential zone, spinning out of control and striking a vehicle parked in a private yard, there is obviously ample support, without anything else, for the charge and conviction of reckless driving.

The facts underlying the aggravated assault prosecution are patently different. In fact, the defendant had already committed the crime of reckless driving when told by the officer to stop. He then committed the acts which lead to the charge of assault on the officer. The elements for the first charge (reckless driving) were entirely met before the acts supporting the second charge (assault) arose. It is thus clear that separate crimes could be charged because of the multiple acts committed by the appellant. However, as noted, the prosecutor specifically presented to the court the facts surrounding the vehicular assault on the officer in his offer of proof to the court, and they were accepted by the court as factual support for the plea to reckless driving, as indeed they were. This placed any subsequent adjudication of guilt on those same acts under the proscription of the statute on double punishment. To approach the issue from a different direction, can it be seriously contended that double punishment would not be involved if the complaint filed in the municipal court had specifically alleged, as part of the charge of reckless driving, the striking of the officer?

Prior decisions finding that double punishment was not involved in similar situations, i.e., *State v. Tucker; State v. Davis* (obstructing justice and assault with a deadly weapon) have merely made an objective analysis of the total evidence picture to find a factual basis for conviction on each of the charges involved. The distinguishing feature in each such case, however, is that no specific acts were alleged in the charging document, or relied upon by the trier of fact in support of a conviction, or, we submit, in finding a factual basis for an adjudication of guilt following a no contest plea. The appellate court was thus free to find support for the "elements" of each crime from the total record, without the necessity of having to rely upon one act in support of more than one crime.

The result compelled by the facts before us is not one easily anticipated and is difficult to avoid, since the charges of reckless driving and assaulting an officer were filed in different courts at different times by different prosecuting agencies. Any avoidance of this undesirable situation must lie in alleging specific acts in the charging document, or in stating to the court which acts of the defendant are relied upon to

support an adjudication of guilt on a plea of guilty or no contest. We agree with the dissent that the trial judge is not required, in order to sustain a factual basis for a plea, to state which specific acts constitute support for each possible crime involved; but, we submit, neither is the court required to stand mute and let the record speak for itself as to whether there is any basis for finding the defendant guilty on a no contest plea to one of the crimes charged. In fact, in our opinion, since rule 17.3, Arizona Rules of Criminal Procedure, requires the trial court to satisfy itself of the factual basis for a plea, *State v. Sutherland*, 14 Ariz.App. 344, 483 P.2d 576 (1971), the court is required to place its "findings" in this regard in the record when requested to do so by counsel. How this satisfaction is obtained may vary from case to case, particularly in regard to the so-called *Alford* type plea. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). *See also State v. Moreno*, 16 Ariz.App. 191, 492 P.2d 440 (1972).

Moreover, in our opinion, the position taken by the dissent could convolute the relative functions of the trial court and the appellate court. It is not our prerogative to tell the trial bench, upon whom the rule places the burden of determining a factual basis, that certain facts, as to which there may or may not be a conflict, are not needed for a factual basis; particularly where those facts are placed before the court, albeit unnecessarily, by the prosecutor who picks and chooses the various charges, and as to which the court enters a documented reliance thereon.

The order of the superior court dismissing the indictment herein is reversed. The case is remanded to the superior court with directions to reinstate the indictment. However, any punishment received as a result of a possible conviction under the indictment must be ordered to run concurrently with the sentence previously imposed by the Phoenix Municipal Court for the reckless driving conviction.

Reversed and remanded.

CONTRERAS, P. J., concurs.

FROEB, Judge, dissenting:

Although I agree that the order dismissing the indictment should be reversed, I disagree that double punishment would be involved if the defendant is tried and convicted of aggravated assault. In my opinion the majority misunderstands the function and responsibility of the trial judge in accepting a plea of guilty or no contest.

Stated succinctly, it is the duty of the trial judge in accepting a plea of guilty or no contest to determine from a totality of facts that a basis for the plea exists *but it is not to determine which facts, among alternatives, are the ones which are to be assigned to the particular charge involved.* In this case, city court Judge Williams was goaded by counsel for the defendant *into stating which of the facts she relied upon to find the defendant guilty.* In my opinion that is wholly inappropriate and irrelevant to the proceeding and should be ignored in determining the double jeopardy and double punishment issues raised in this appeal. To understand this, however, it is necessary to examine the function of the judge in plea proceedings and the purpose of the rule which requires the trial judge to determine that there is a factual basis for the plea.

A plea proceeding is not a fact finding and fact weighing venture by the trial court to determine guilt or innocence. It is only in recent years that trial judges have been required to determine whether there is a factual basis for a plea. It is not constitutionally mandated. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 1168, 22 L.Ed.2d 418 (1969). In federal courts, the requirement arises out of Federal Rule of Criminal Procedure 11. "[I]t is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." *McCarthy v. United States*, 394 U.S. at 465, 89 S.Ct. at 1170.

This is the key. The determination that the plea is voluntary is the purpose. As stated by the Arizona Supreme Court, finding a factual basis prevents the "acceptance

of a plea from a legally innocent defendant who pleaded guilty out of ignorance, deception, delusion, feelings of moral guilt, or self-destructive inclinations." *State v. Durham*, 108 Ariz. 327, 329, 498 P.2d 149 (1972); *State v. Hostler*, 109 Ariz. 212, 214, 507 P.2d 974 (1973). It is not to sort out or isolate from an array of factual circumstances which specific facts constitute the crime involved and which ones are to be put aside. "Pleading guilty is the same as if the defendant had been tried before a jury and had been found guilty.... [O]nce the plea is made the court has only to determine whether the plea is voluntary." *State v. Jennings*, 104 Ariz. 3, 5, 448 P.2d 59 (1968). Thus, the role of the trial judge here is *to determine voluntariness, not "adjudicate" the crime*, as would a jury or a judge in a bench trial. That is why, for example, in Arizona, the trial judge may determine whether there is a factual basis either at the plea proceeding or at the time the judgment of guilt is entered, or thereafter. Arizona Rules of Criminal Procedure 17.3 and 26.2(c). It is also why the determination may be made from such documents as "police reports; reporter's transcripts of the proceedings before the grand jury; and other satisfactory information." Rule 26.-2(c). Finally, it is also why the court need not be satisfied beyond a reasonable doubt that the defendant is guilty, *State v. Norris*, 113 Ariz. 558, 558 P.2d 903 (1976), but need only to find "strong evidence of actual guilt." *State v. Varela*, 120 Ariz. 596, 598, 587 P.2d 1173 (1978). Applying this to the present case where the city court judge answered yes to defense counsel's question of whether "the entire offer of the factual basis by the prosecutor was relied upon and required by you in order to find the factual basis for the charge of reckless driving", the city court judge could not legally separate out certain of the facts to attach them to the charge of reckless driving. The only issue was whether the plea was voluntary. The only question was whether the events as they occurred would support the charge. The city court judge did not and could not "adjudicate" the facts. All she did or could do was to determine the plea was volun-

tary, "accept" it, and enter a judgment of guilt.

A voluntary plea "differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury, it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1926); see *State v. Jennings.*

The function of the judge in accepting a plea is to be satisfied that there is a factual basis for the plea. *See American Bar Association Standards Relating to Pleas of Guilty* 1.6. "Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed 'to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *McCarthy v. United States*, 394 U.S. at 467, 89 S.Ct. at 1171.

The decisions of the Arizona Supreme Court are consistent with the view taken in this dissent. In *State v. Hooper*, 107 Ariz. 327, 487 P.2d 394 (1971), the court rejected the argument that the judge must ascertain for the record affirmatively the factual basis for the plea, pointing out that it is the *disclosure* of supporting facts which surround the commission of the offense which validate the plea. *See also State v. Varela; State v. Williker*, 107 Ariz. 611, 491 P.2d 465 (1971); *State v. Miller*, 15 Ariz.App. 327, 488 P.2d 683 (1971).

By reason of the foregoing, I would hold that the statement made by the city court judge and quoted in the majority opinion *has no effect whatever* upon the question of whether the defendant may be charged and convicted of aggravated assault in the superior court. In short, it must be disregarded. When this is done, the central contentions in this appeal fail. The contention of double jeopardy must be rejected as it is apparent that two *consecutive* crimes have been committed and there is ample evidence in each instance to support both the reckless

driving charge and the assault charge. Likewise, the claim of double punishment must be rejected because the defendant has not been punished for the crime of aggravated assault. He has been punished for reckless driving only and given a twenty day jail sentence. I would therefore agree that the order dismissing the indictment should be reversed but I would reinstate the indictment and hold that double punishment is not involved. In my opinion, if the defendant is found guilty of aggravated assault (or a lesser included offense), there is no requirement that any sentence resulting therefrom run concurrently with or be affected by the twenty day sentence previously imposed for reckless driving.