638 P.2d 1335
**STATE of Arizona, Appellant,**

v.

**John Thomas SEATS, Appellee.**

**No. 5351–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 15, 1981.

Rehearing Denied Jan. 20, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Thomas E. Collins, Maricopa County Atty. by Herbert Williams, Phoenix, for appellant.

Law Offices of Thomas A. Thinnes by Thomas V. Rawles, Phoenix, for appellee.

HAYS, Justice.

The defendant, John Thomas Seats, and the State of Arizona filed petitions for review from a decision of the Court of Appeals, in *State v. Seats* (1981). 131 Ariz. 102, 638 P.2d 1348. We granted the petitions for review pursuant to A.R.S. § 12–120.24 and 17 A.R.S. Rules of Criminal Procedure, rule 31.19. The opinion of the Court of Appeals is vacated and the order of the Superior Court dismissing the defendant's indictment for aggravated assault is reversed.

The facts relevant to our determination are as follows. Defendant was charged with reckless driving, leaving the scene of an accident, and indicted for aggravated assault, a class 3 felony. The indictment was filed in Maricopa County Superior Court on August 14, 1979. On September

18, 1979, defendant entered a plea of "no contest" to the reckless driving and leaving the scene of an accident charges in Phoenix Municipal Court. During these proceedings, the city prosecutor presented the following factual basis for the pleas:

[Prosecutor]: The booking slip would— Your Honor, the State would offer evidence in essence to the affect [sic] that on August 10, 1979, at 1:30 a. m., the defendant was driving the vehicle in excess of 60 miles per hour westbound on Mariposa. He attempted to make a turn at that speed and failed to negotiate the turn. He drove into a yard thereabouts striking a vehicle and smashing the house. Police officers in full uniform who happened to be nearby at the scene responded to the accident. At that time, two subjects exited the vehicle and fled on foot. With another officer in pursuit, another officer approached the defendant who was behind the wheel. Upon seeing the officer, the defendant started the vehicle and backed out from the damaged house up to Officer Petchel who stood five feet in front of the vehicle and identified himself as a police officer and told the defendant to stop. The defendant screamed to the police officer and rapidly accelerated toward him. The officer was struck by the left front bumper on his left thigh knocking him 8 to 10 feet on the sidewalk. The officer then again yelled for the defendant to stop, the suspect veered toward the officer and struck his upraised elbow.

Striking the police officer as described the defendant continued southbound fleeing the scene. He made no attempt to identify himself to the officers or to the occupants of the house, there being occupants in the house at the time.

THE COURT: The record will indicate the Court has questioned the defendant and has received an offer of proof from the prosecutor.

There exists a basis of fact to believe the defendant guilty of the offense of reckless driving and leaving the scene of an accident.

[DEFENSE ATTORNEY]: Before you proceed, Your Honor, can I make one thing clear for the record. *That is the entire offer of the factual basis by the prosecutor was relied upon and required by you in order to find the factual basis for the charge of reckless driving, is that correct?*

THE COURT: *Yes, that is correct, as I understand the charge of reckless driving encompasses and embodies the striking of the police officer.* Reckless driving would not necessarily be a lesser included offense of aggravated assault, but *it would appear to me that all of these possible offenses grew out or partly out of the same transaction or series of transactions.* (Emphasis supplied).

Based primarily upon the comments of the court in response to defense counsel's question, defendant filed a motion to dismiss the aggravated assault charge in the Superior Court. Relying upon the prohibitions against double jeopardy contained in the fifth amendment to the United States Constitution and the Arizona Constitution, article 2, § 10, defendant maintained that the municipal court conviction for reckless driving precluded further prosecution on the assault charge. The Superior Court granted the motion and dismissed the indictment.

█ The question presented by the foregoing facts is whether the double jeopardy clause of the fifth amendment as applied to the states by the fourteenth amendment [1] as well as article 2, § 10 of the Arizona Constitution,[2] bars prosecution for the offense of aggravated assault following pros-

1. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

2. *See also* A.R.S. § 13 111.

ecution and punishment for the offense of reckless driving.[3]

In general, the double jeopardy clause protects against a second prosecution for the same offense after acquittal or conviction and protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). As a corollary to this rule, the prohibition against double jeopardy forbids successive prosecution and cumulative punishment for a greater and lesser included offense. *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977).

The immediate question, then, is whether the offense of reckless driving is a lesser included offense of the crime of aggravated assault. The test for determining whether two offenses are the same for purposes of barring successive prosecutions is whether each statutory provision requires proof of a fact which the other does not, notwithstanding a substantial overlap of the proof required to establish the crimes. *Brown v. Ohio, supra*, 432 U.S. at 166, 97 S.Ct. at 2225 (quoting from *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). Stated differently, the test of a lesser included offense is whether the greater offense cannot be committed without necessarily committing the lesser offense. *State v. Laffoon*, 125 Ariz. 484, 487, 610 P.2d 1045, 1048 (1980).

Defendant argues that under the particular facts of this case, the two elements of reckless driving are certainly present in the aggravated assault elements, i.e., recklessness and the use of a motor vehicle as a dangerous instrument. Further, defendant argues that the municipal court judge's reliance on the entire factual basis as offered by the prosecutor for accepting the plea to reckless driving precludes the State from using the same facts in a subsequent prosecution.

These contentions are answered by *Lafoon, supra*, where we emphasized that the elements of the crime as prescribed *in the statute* determine whether a crime is a lesser included offense of a greater offense, not the facts of a given case. The same point is made in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), in which the United States Supreme Court noted that the focus of the test for determining whether two offenses are the same for purposes of barring successive prosecutions is on the statutory elements of the offense. In *Vitale*, the defendant was driving a motor vehicle which struck and killed two children. Vitale was convicted for failing to reduce speed to avoid an accident. Subsequently, Vitale was charged with two counts of involuntary manslaughter. The Illinois Supreme Court held that the second prosecution was barred by the double jeopardy clause because the lesser offense, failing to reduce speed, required no proof beyond that which was necessary for conviction of the greater offense, involuntary manslaughter. The United States Supreme Court vacated the opinion of the Illinois Court and held that if the crime of manslaughter *did not always* require proof of a failure to reduce speed, then the two offenses were not the same. "The mere fact that the State will seek to rely on all the ingredients necessarily included in the traffic offense to establish an element of its manslaughter case would not be sufficient to bar the latter prosecution." 447 U.S. at 419, 100 S.Ct. at 2267. The Court went on to observe that "[i]f, as a matter of Illinois law, a careless failure to slow is *always* a necessary element of manslaughter by automobile, then the two offenses are the 'same' under *Blockburger* and Vitale's trial on the latter charge would constitute double jeopardy under *Brown v. Ohio*." *Id.* (emphasis added).

Comparing the statutory provisions of reckless driving and aggravated assault

---

**3.** The fact that the prosecutions involved herein occurred in a municipal court and a state superior court does not preclude consideration of defendant's double jeopardy claim. *See Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, *reh. denied*, 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 79 (1970).

results in the conclusion that reckless driving is not the "same" or lesser included offense of aggravated assault. Proof of the offense of reckless driving under § 28–693(A) requires a showing that the defendant was (1) driving a vehicle (2) in wilful or wanton (reckless) disregard for the safety of persons or property. The offense of aggravated assault, however, does not require a showing of the use of a dangerous instrument—in this case, a motor vehicle. The assault becomes aggravated if *any* of the eight circumstances listed under § 13–1204(A) are also involved. It is apparent from an examination of those circumstances enumerated under subsection (A) that aggravated assault may require proof of facts which the offense of reckless driving does not. Therefore, it would not violate double jeopardy to prosecute defendant for the crime of aggravated assault.[4]

The order of the Superior Court dismissing the indictment for aggravated assault is reversed and the case is remanded to the Superior Court with directions to reinstate the indictment.

Reversed and remanded.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.

---

4. We also note that double punishment is not at issue here. *See State v. Seats*, 131 Ariz. 102 at 107, 638 P.2d 1348 at 1353 (App.1981) (Froeb, J., dissenting).