560 P.2d 426

**STATE of Arizona, Appellee.**

v.

**Stephen Lee HUGHES, Appellant.**

**No. 3766–PR.**

Supreme Court of Arizona.

Feb. 8, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

### PER CURIAM.

The defendant, Stephen Lee Hughes, entered a plea of no contest to one count of armed robbery and a plea of guilty to another count of armed robbery. The cases were consolidated and he received a sentence of five to fifteen years on each count, to run concurrently. On appeal, the Court of Appeals affirmed in a Memorandum Decision. The opinion of the Court of Appeals is vacated.

The only issue raised by the defendant was whether the case should be remanded for resentencing because the trial judge did not understand the sentence he was imposing.

The complaint in this case was filed September 29, 1975. The deadly weapon used was a gun. The controlling statute is A.R.S. § 13–641. At that time, the sentence was a minimum of five years for the first offense. So the sentence imposed in the instant case was within the statutory limits. However, the judge then said to the defendant, "It is the intent of this court that you are not subject to the minimum five year term. You will be eligible for parole." Apparently the judge was trying to tell him that he did not come under the amended A.R.S. § 13–643 which reads: "In no case, except for a first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed." The judge also said, "I can't guarantee when you will be out. It will be a little over two years." The judge was incorrect in advising the defendant that he did not come under the mandatory statutory minimum provision of the A.R.S. § 13–643 as revised in 1975. *See* Laws, 1975, ch. 23, § 3. The judge was also incorrect in advising him he would be out in a little over two years, as A.R.S. § 31–411 states that a defendant must serve at least one-third of the maximum sentence before being eligible for parole, and accordingly the defendant, having been given a maximum of 15 years, would not be eligible for parole until he had served five years.

It appears appropriate to us that this matter be returned to the trial court so that the judge may re-assess his sentence in the light of his announced intention. *State v. Rice*, 110 Ariz. 210, 516 P.2d 1222 (1973).

Judgments of conviction affirmed. Remanded for resentencing.