564 P.2d 104

**STATE of Arizona, Appellee,**

v.

**Wheeler Alan DAVIS, Appellant.**

**No. 1 CA–CR 2125.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 26, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division and Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

OPINION

DONOFRIO, Judge.

The appellant was initially charged with armed robbery with a gun or deadly weapon in two counts and in a third count with burglary while armed with a gun or deadly weapon. On May 28, 1976, the appellant entered a plea of guilty to the three charges. A written plea agreement was filed setting forth the charges, that the penalty was not less than five years in prison nor more than life, and that the State agreed to drop an allegation of a prior conviction. The State had been permitted to add an allegation of a prior conviction on March 16, 1976.

On appeal, the appellant argues that the trial court committed reversible error when it failed to comply with Rule 17.2(b), Arizona Rules of Criminal Procedure. Specifically, the appellant argues that he was not advised that upon conviction he would be ineligible for parole until he had served the minimum sentence *imposed* and, in any event, was erroneously advised by the Court that he was eligible for probation.

Our Supreme Court has recently stated: "The provisions of this Rule (Rule 17.2) 'are intended to insure the voluntary and intelligent quality of the plea in accord with *Boykin v. Alabama,* 395 U.S. 238, 89

S.Ct. 1709, 23 L.Ed.2d 274 (1969).' *State v. Lee,* 112 Ariz. 283, 541 P.2d 383 (1975). A plea cannot be considered 'intelligently' made where, as in this case, there is no evidence that the defendant was at any stage of the prosecution provided information required to be disclosed to him under Rule 17.2." *State v. Rios,* 113 Ariz. 30, 545 P.2d 954, 956 (1976).

In *Rios,* supra, a remand to the trial court for a determination as to whether the defendant was aware, prior to the trial court's acceptance of his guilty plea, of the special punishment provisions contained in A.R.S. § 36–1002.02 was held proper. The Court was unable to determine from the record before it whether the defendant was actually aware prior to the acceptance of his guilty plea of the special punishment provisions.

In *State v. Geiger,* 113 Ariz. 297, 552 P.2d 1191 (1976), however, a defendant's guilty plea was vacated and a judgment of conviction reversed when the record, unlike *Rios,* was not silent, but affirmatively demonstrated that the trial court had misinformed the defendant as to the range of sentence to the crime to which he pled. For a more recent applicable case see *State v. Holbert,* 114 Ariz. 244, 560 P.2d 428 (Filed February 10, 1977), wherein the Supreme Court vacated a guilty plea because of misinformation provided a defendant regarding his eligibility for parole. See also *State v. Hughes,* 114 Ariz. 242, 560 P.2d 426 (Filed February 8, 1977).

In this case, during the proceedings at which the guilty plea was accepted, the trial judge addressed the appellant and asked him:

"[Trial judge]: You understand what the possible range of sentence could be, from probation?

A. Yes.

Q. To jail, a minimum of five you serve, right? You could be on that probation."

It not only appears that the trial judge informed the appellant that he could possibly receive probation, which he could not, but failed to inform him that the minimum sentence he would have to serve before being eligible for parole would be that actually imposed by the court. A.R.S. § 13–643(B) states:

"B. Robbery committed by a person armed with a gun or deadly weapon is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for a first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole *until such person has served the minimum sentence imposed.*" (Emphasis added)

■ A person convicted of robbery while armed with a gun must be given a mandatory prison sentence of not less than five years. *State v. Lopez,* 25 Ariz.App. 437, 544 P.2d 261 (1976). Thus, the appellant was not eligible for probation.

■ Next, we note that the State did not address appellant's argument that the trial judge also erred when he failed to inform the appellant that he would, in fact, be ineligible for parole until he had served the minimum sentence *actually imposed.*

In discussing a statute with similar language to that contained in A.R.S. § 13–643(B), our Supreme Court has held that a defendant would be ineligible for parole until the minimum sentence actually imposed was served. See *State v. Rice,* 110 Ariz. 210, 516 P.2d 1222 (1973) (construing A.R.S. § 13–652, 653). We think that the Legislature has expressed with unmistakable clarity its intent that a defendant sentenced under § 13–643(B), supra, is ineligible for parole until he has served the minimum sentence actually imposed by the trial judge. In addition, the Legislature has imposed a limitation requiring that anyone convicted under § 13–643(B) serve *at least* a five year prison sentence upon conviction.

■ We think it is clear that the trial judge failed to comply with the requirements of 17 A.R.S., Rules of Criminal Pro-

cedure, Rule 17.2(b). There was misinformation given to the appellant at the time of the change of plea and, in addition, a failure to inform him of the fact he would be required to serve the minimum sentence imposed prior to being eligible for parole. While the appellant was informed that the minimum sentence the trial judge could impose upon him was five years, he was never informed of the special condition relating to parole ineligibility under A.R.S. § 13-643(B).

Because of the errors the plea could not have been knowingly and intelligently entered and we therefore reverse and remand to the trial court with orders to vacate the guilty plea and reinstitute all of the original charges.

NELSEN, P. J., and HAIRE, J., concur.