603 P.2d 114

STATE of Arizona, Appellee,

v.

Elias Leroy ARCHULETA, Appellant.

No. 1 CA–CR 3996.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 13, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Judge.

Elias Leroy Archuleta was charged by indictment with armed robbery for an offense which occurred on October 7, 1978, a violation of A.R.S. §§ 13–1901, –1902, –1904, –701, –702, –801, –301, –302, –303, –304, –604(G) and –604(K). The indictment alleged that the offense was a "class 2" felony and that it was a "dangerous nature" felony. Pursuant to the terms of a written plea agreement which was filed with the court, Archuleta pleaded guilty to the armed robbery charge. The plea was accepted by the trial court and, following entry of judgment of guilt, Archuleta was sentenced to a term of fifteen and three-quarters years imprisonment. He appeals the judgment of conviction and sentence to this court, alleging (1) that he was improperly sentenced under the new Arizona criminal code, and (2) that his plea was not knowingly and intelligently made because the sentence he received did not comport with the information he received from the trial court at the time he entered his plea, nor did it correspond with the range of sentence specified in the written plea agreement. While we affirm the judgment of conviction based on appellant's guilty plea, we agree that the sentence imposed must be set aside and the case remanded for resentencing.

The sentence imposed by the trial court corresponds to the presumptive sentence for a second conviction dangerous nature felony, class 2, under § 13–604(G). Yet the indictment was not amended to allege a prior conviction. Following the filing of the indictment, the State filed a motion, opposed by appellant, for permission to add an allegation of a prior conviction to the indictment. The prior conviction was a 1963 offense of aggravated robbery in Colorado. The record, however, contains no indication of a trial court ruling on the motion. The written plea agreement tendered by the parties refers to the offense as a "class 2" felony and a "dangerous nature" felony but makes no reference to the prior conviction. The sentencing range recited in the agreement is from seven to twenty-one years, with a presumptive sentence of ten and one-half years.

At the entry of plea proceedings, there was no mention of the prior conviction for aggravated robbery in Colorado. The court inquired only as to the factual basis of the principal offense of armed robbery and not to any prior conviction. The pre-sentence investigation report, prepared by the adult probation department at the request of the court, indicated the prior conviction for aggravated robbery and a federal bank robbery charge pending at the time of the investigation.

It is clear, then, that the trial court could not have found appellant guilty of armed robbery with a prior felony conviction since he was never formally subjected to such a charge and entered no admission to it.

On the date of sentencing the trial court entered a judgment of guilt to the crime of armed robbery. The court referred to it as a class 2 felony and a dangerous nature felony and noted that appellant had been previously convicted of a dangerous nature felony. The court mentioned that the presumptive sentence should apply in the absence of any specific aggravating and mitigating factors which might be found. Counsel for both sides argued aggravating and mitigating circumstances but did not mention the prior conviction. The court then specifically found that "[N]one of the circumstances presented are suffi-

cient to call for a greater or lesser term", and imposed sentence of fifteen and three-quarters years imprisonment. In view of the trial court's statement that the presumptive sentence should be applied and its finding of no mitigating and aggravating factors, it is now necessary to determine whether the correct presumptive sentence was applied in this case.

Appellant's guilty plea was to armed robbery, a "class 2" felony. A.R.S. § 13–1904(C). The term of imprisonment for a class 2 felony is seven years. A.R.S. § 13–701(B)(1). However, in this case, appellant was charged and found guilty under the "dangerous nature" felony provision of A.R.S. § 13–604(K):

> "[D]angerous nature of the felony" means a felony involving the use or exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury upon another.

Thus the penalty provisions of A.R.S. § 13–604 govern this case in lieu of the penalties set forth in A.R.S. § 13–702. A.R.S. § 13–604(K). Since appellant was not adjudged guilty of a prior conviction, his potential criminal penalty ranged from the sentence authorized in § 13–701 (7 years) to three times the sentence authorized by § 13–701 (21 years). A.R.S. § 13–604(G). The presumptive term is three-quarters of the median sentence authorized under § 13–604(G), or ten and one-half years. This presumptive term is subject to alteration when factors in mitigation or aggravation are found as specified in A.R.S. § 13–702(C), (D), or (E). A.R.S. § 13–604(G). However, as previously discussed, the trial court specifically negated this possibility. In sentencing, however, the trial court apparently followed the portion of § 13–604(G) dealing with sentencing upon a second conviction and applied three-fourths of the median of *twice* and not more than four times the sentence range authorized in § 13–701 (14 years to 28 years) to reach its determination of a fifteen and three-quarters years term of imprisonment. As mentioned, this is the presumptive term for a second conviction designated by the State as a prior felony. Thus the record does not support a computation of appellant's sentence on this basis.

It is clear that under A.R.S. § 13–702, the trial court has discretion to vary from a presumptive term of imprisonment according to aggravating and mitigating circumstances in a particular case. We do not now decide whether the trial court must specifically state why it varies from the presumptive term in all cases where it does not impose the "upper or lower term." *See* A.R.S. § 13–702(C). We do rule, however, that where the trial court specifically states that it finds no aggravating or mitigating circumstances and thus no reason to vary from a presumptive term, but then assesses a term different from the presumptive term, that sentence cannot stand. *Cf. State v. Hughes*, 114 Ariz. 242, 560 P.2d 426 (1977).

We have considered exercise of our authority under A.R.S. § 13–4037(A) to modify the sentence in this case to the correct presumptive term of ten and one-half years in view of the statement of the trial court at sentencing that it found no mitigating or aggravating circumstances. We reject this approach, however, because the trial court has not yet considered what aggravating weight, if any, it might give to the 1963 felony conviction, now that it is known that the felony conviction does not constitute a second conviction requiring a higher presumptive sentence under A.R.S. § 13–604(G).

For the foregoing reasons, the judgment and conviction are affirmed; the sentence is vacated, and the case remanded to superior court for resentencing.

EUBANK, J., and YALE McFATE, J., Retired, concurring.