606 P.2d 826

**The STATE of Arizona, Appellee,**

v.

**Raymond Daniel FORD, Appellant.**

**No. 2 CA–CR 1852-2.**

Court of Appeals of Arizona, Division 2.

Dec. 21, 1979.

Rehearing Denied Feb. 6, 1980.

Review Denied Feb. 26, 1980.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Richard S. Oseran, Pima Public Defender by Allen G. Minker, Tucson, for Appellant.

OPINION

HOWARD, Judge.

After pleading guilty to stealing a motor vehicle, appellant was sentenced to impris-

onment for ten years. At the change of plea hearing the trial court informed him that the presumptive sentence was five years in the state prison and also that if certain aggravating circumstances were found either through the county attorney or from the presentence report, it could increase the presumptive sentence to ten years.

Appellant did not request a presentence hearing pursuant to Rule 26.7, Arizona Rules of Criminal Procedure, 17 A.R.S. At the sentencing the trial court found aggravating circumstances in the presentence report.[1] Appellant contends the trial court cannot, without violating due process rights, find aggravating circumstances unless it conducts a presentence hearing and unless the prosecutor alleges aggravating circumstances with the specific facts constituting the aggravation. We do not agree. If, after receiving a copy of the presentence report and *at any time prior to sentencing,* a defendant believes factors contained in A.R.S. Sec. 13–702(D) might be present and may increase the presumptive sentence, he may request a hearing pursuant to Rule 26.7 and present evidence to show why the presumptive sentence should be imposed rather than an increased sentence.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

1. A.R.S. Sec. 13–702(D) sets forth the aggravating circumstances which the trial court may consider.