617 P.2d 787

STATE of Arizona, Appellee,

v.

Antonio MARQUEZ, Appellant.

No. 1 CA–CR 4404.

Court of Appeals of Arizona, Division 1.

Aug. 19, 1980.

Rehearing Denied Sept. 17, 1980.

Review Denied Oct. 7, 1980.

---

2. See *State v. Porter*, 122 Ariz. 453, 595 P.2d 998 (1979) on the effect of mental illness on the voluntariness of a confession.

**4**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, and David R. Cole, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Chief Judge.

Appellant Marquez pled guilty to three counts of sexual conduct with a minor in violation of A.R.S. § 13–1405. He was sentenced to ten years imprisonment on each count, with the sentences to run concurrently as provided in the plea agreement. On appeal, the sentences are attacked on three grounds:

1. The trial court should not have deviated from the presumptive sentence where aggravating circumstances were neither alleged nor proven by the prosecutor.

2. The trial court's finding of a prior conviction of child molestation for purposes of aggravating circumstances under A.R.S.

§ 13–702 D was not supported by sufficient evidence.

3. The trial court failed to consider mitigation evidence.

The crime of sexual conduct with a minor under the age of 15 years is a class two felony and carries a presumptive sentence of seven years imprisonment.[1] However, because the victims of the crime were only two, three and four years old and the presentence report reflected that appellant had previously been convicted of child molesting, a misdemeanor, the court made a specific finding that these aggravating factors supported deviation from the presumptive sentence and imposed the ten year sentences.[2]

▬ Appellant's first argument is that the trial court had no authority to, *sua sponte*, find aggravating circumstances from the record and enhance punishment where the prosecutor had neither alleged nor attempted to separately prove aggravating circumstances.[3] In support of this argument, appellant relies upon A.R.S. § 13–702 C, which states:

"The upper or lower term imposed pursuant to § 13–604 or subsection A or B of this section may be imposed only if the circumstances *alleged* to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing." (Emphasis added).

Appellant urges that the use of the word "alleged" in § 13–702 C, indicates a legislative intention that in the absence of a specific allegation by the prosecutor charging aggravating circumstances, the trial judge would not have jurisdiction to find such circumstances for the purpose of increasing the presumptive sentence as authorized by § 13–702 B. In further support of this interpretation of § 13–702 C, appellant cites *State v. Murphy*, 113 Ariz. 416, 555 P.2d 1110 (1976). *Murphy* involved a first degree murder conviction resulting from a plea agreement in which the state had recommended a life sentence. At the aggravation–mitigation hearing, contrary to the wishes of the county attorney, the trial judge ordered that evidence pertaining to aggravating circumstances be presented. The trial judge then found that the existence of aggravating circumstances justified the imposition of the death penalty. On appeal it was held that the decision to present aggravating circumstances under the death penalty statute (A.R.S. § 13–703)[4] was discretionary with the prosecutor, and that the trial judge was without authority to require the state to present aggravating evidence so that the trial judge could independently determine that the death penalty should be imposed.

A comparison of the language of the statute under consideration in this appeal (§ 13–702 C) with that involved in *Murphy* does not furnish support for appellant's contention that the word "alleged" in A.R.S. § 13–702 C was intended to limit the authority of the trial judge to *sua sponte* find aggravating circumstances in the record under A.R.S. § 13–702 C. The unlawful encroachment on the prosecutor's discretion in *Murphy* was based upon the requirements in the death penalty statute (§ 13–703) that a presentence hearing be held and that the statute imposes upon the prosecutor the responsibility and burden of establishing the existence of aggravating circumstances to support the death penalty. There is no

---

1. See A.R.S. § 13 1405 B and A.R.S. § 13 701 B(1).

2. Under A.R.S. § 13 702 B the trial court was authorized to impose a sentence of up to 14 years imprisonment on each count of aggravating circumstances were found under subsection D.

3. In fact, as noted by appellant, both the prosecutor and the probation officer recommended that the presumptive sentences be given.

4. *Murphy* involved former A.R.S. § 13–454, which, in all pertinent respects, is identical to A.R.S. § 13 703, Laws, 1978.

similar requirement of a separate sentence hearing in A.R.S. § 13–702 nor language placing the burden of proof of aggravating circumstances on the prosecution. To the contrary, under § 13–702 C the trial judge may base his factual findings upon "any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial . . . ." Thus, we find no support for appellant's argument that the word "alleged" was meant to require some formal action by the prosecutor before the trial judge could make a finding that aggravating circumstances exist.

Additional support for the interpretation we place on § 13–702 C is furnished by *State v. Ford*, 125 Ariz. 8, 606 P.2d 826 (1980). Although the opinion in *Ford* did not discuss the holding in *Murphy* or the use of the word "alleged" in § 13–702 C, it did hold that it was not a denial of due process for the trial court to find aggravating circumstances for sentence enhancement purposes under § 13–702 when the prosecutor had not alleged aggravating circumstances and there had been no presentence hearing.

The sentencing plan under Arizona's new criminal code seeks a middle ground between the recent nationwide trend toward mandatory sentences and Arizona's previous indeterminate sentencing scheme. The prosecutor is permitted some discretion in setting the outer limits of sentencing through deciding the charge to be filed, by deciding whether to allege prior convictions and by negotiating plea agreements.[5] Once the conviction is entered, the presumptive sentence will be given unless the trial judge makes specific findings of aggravating or mitigating circumstances. *State v. Winans*, 124 Ariz. 502, 605 P.2d 904 (App.1979); *State v. Archuleta*, 124 Ariz. 222, 603 P.2d 114 (1979). However, if aggravating or mitigating circumstances do appear in the evidence or in the presentence report, the trial court may, in its discretion, deviate from the presumptive term within the statutory limits. As noted by the court in

*State v. Ford, supra*, if the defendant wishes to attack aggravating circumstances presented in the presentence report or otherwise, or if he desires to present mitigating circumstances in addition to those apparent from the record and presentence report, he can request a presentence hearing under Rule 26.7, Rules of Criminal Procedure, 17 A.R.S., to present evidence and argue why the presumptive term should or should not be given.

Next, appellant argues that the presentence report and F.B.I. "rap sheet" were insufficient evidence upon which the court could base its finding in aggravation that appellant had previously been convicted of child molesting, a misdemeanor. Appellant's citations to *State v. Norgard*, 6 Ariz.App. 36, 429 P.2d 670 (1967) and *State v. McGuire*, 113 Ariz. 372, 555 P.2d 330 (1976) do not apply in that those cases involved enhanced punishment under Arizona's former recidivist statute, A.R.S. § 13–1649.

Unlike A.R.S. § 13–703 C where aggravating circumstances required for the imposition of a death penalty must be proven by evidence which would be admissible at a criminal trial, A.R.S. § 13–702 C permits a trial court to consider "any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial." Under Rule 26.7(b), which governs presentence hearings, any reliable, relevant evidence, including hearsay, may be introduced at the hearing to show aggravating or mitigating circumstances. Whether hearsay evidence is "reliable" is largely a matter of discretion with the trial court, *State v. Donahoe*, 118 Ariz. 37, 574 P.2d 830 (App.1977), and information in presentence reports taken from police records are generally admissible. *State v. Corral*, 21 Ariz.App. 520, 521 P.2d 151 (1974). We therefore hold that the trial court did not abuse its discretion in considering the probation officer's information obtained from the F.B.I. "rap sheet". In addition, although the appellant did ob-

---

5. *See generally*, Gerber, Criminal Law of Arizona at 95.

ject to any inference that the prior conviction was a felony, there was no objection to the presentence report's finding that appellant was convicted of child molesting, a misdemeanor.[6] Under these circumstances, the appellant waived the right to attack the information in the presentence report. *State v. Nichols*, 24 Ariz.App. 329, 538 P.2d 416 (1975).

 Finally, appellant argues that the trial court did not consider the mitigating evidence that appellant was intoxicated when the offenses occurred nor the psychiatric reports stating that he was suffering from a diminished capacity to comprehend the nature of his acts. These factors are certainly required to be considered under A.R.S. § 13–702 E(2) and (5). However, the allegation that the trial court did not consider these factors is not supported by the record. The presentence report referred to the appellant's intoxication and to the doctor's reports which were attached. The trial judge signed the presentence report before sentencing, acknowledging that he had reviewed and considered the report. In addition, at the time of sentencing the court again stated that he had considered all of the relevant facts and circumstances. The statute does not require that the trial court state that he considered each mitigating circumstance where the mitigating circumstances were not relied upon in reducing the presumptive sentence. *State v. Winans, supra.* The balancing of the aggravating and mitigating circumstances in determining a sentence is not based upon mere numbers of aggravating or mitigating circumstances. *State v. Bly*, (2 CA–CR 1865, filed February

15, 1980); *State v. Brookover*, 124 Ariz. 38, 601 P.2d 1322 (1979). By stating the aggravating factors which were found to be true and which were used to enhance punishment, in addition to stating that he had considered all other circumstances, the trial court complied with the statute.

We have further considered the record for fundamental error as required by A.R.S. § 13–4035 and find none.

The judgment and sentences are affirmed.

EUBANK, P. J., and O'CONNOR, J., concur.

---

6. Prior to sentencing, the following dialogue occurred:

"THE COURT: Are there any mitigating or aggravating circumstances of which either the state or the defense are aware that have not been called to the attention of the court or the probation officer? State?

"PROSECUTOR: No your Honor.

"THE COURT: Defense?

"DEFENSE ATTORNEY: I think the report perhaps does not clearly set forth that this is the only felony conviction that Mr. Marquez has on his record. And in view of that

"THE COURT: Well, when I made the decision on sentencing I didn't regard him as hav-

ing ever been convicted of a felony. I did note that he was convicted on a prior occasion of the crime of child molestation, a misdemeanor. Anything further?

"DEFENSE ATTORNEY: Just that in view of his extensive drinking history I would recommend to the court the imposition of probation with a stipulation that he involve himself in an alcoholic rehabilitation program so that problem can be dealt with. I think it's clear that his involvement in the offense is the result of his drinking and not of any other reason.

"THE COURT: Anything further?

"DEFENSE ATTORNEY: No."