868 P.2d 1044

**STATE of Arizona, Appellee,**

v.

**Jim CARBAJAL, aka James Morales Carbajal, Appellant.**

**No. 1 CA–CR 92–0937.**

Court of Appeals of Arizona, Division 1, Department E.

Jan. 13, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

M. Ruth O'Neill, Tucson, for appellant.

## OPINION

VOSS, Presiding Judge.

Defendant James Morales Carbajal pled guilty to six felonies and three misdemeanors arising out of his operation of a nursing home. On appeal he argues that the trial court erred in imposing aggravated sentences and ordering restitution. We hold that the restitution order was improper and remand for a redetermination of restitution. We affirm the convictions and sentences in all other respects.

### FACTS AND PROCEDURAL HISTORY

Defendant was originally charged with twenty-three counts of criminal conduct in connection with his operation of Angel's Quality Care, a registered residential care home. The charges arose from his misrepresentations to prospective clients about his qualifications to operate such a facility, improprieties regarding forged documents, and his mistreatment of and failure to properly care for the residents in the nursing home.

Pursuant to a plea agreement, defendant pled guilty to illegally conducting an enterprise, a class 3 felony; fraudulent schemes and artifices, a class 2 felony; forgery, a class 4 felony; three counts of aggravated assault, a class 6 felony; and three counts of neglect of an incapacitated adult, a class 1 misdemeanor. Also, defendant agreed to pay restitution on all counts including those dismissed, not to exceed $30,000. In exchange, the state agreed to dismiss the remaining charges against him.

Following an aggravation/mitigation hearing, the trial court sentenced defendant to three consecutive six-month jail terms for the misdemeanors and a presumptive four-year prison term for the forgery count. Finding the aggravating factors outweighed the mitigating factors, the trial court sentenced defendant to an aggravated prison term of 1.87 years each for the three aggravated assault counts and an aggravated prison term of 10.5 years for the fraud count. All sentences were ordered to run consecutively. Defendant was placed on five years probation to commence upon his release from prison for the charge of illegally conducting an enterprise. In addition, he was ordered to pay $24,692.25 in restitution to the victims and their families. Defendant filed a timely notice of appeal.

### ISSUES PRESENTED

Defendant raises the following issues on appeal with respect to his sentencing:

1. Whether the trial court erred in imposing the four aggravated sentences?

2. Whether the trial court erred in awarding restitution in amounts greater than the economic losses suffered by the victims?

### DISCUSSION

#### A. AGGRAVATED SENTENCES

Defendant argues that the trial court erroneously imposed the four aggravated sentences by considering an improper aggravating factor. In setting forth the reasons for

imposing the aggravated sentences, the trial court stated that it found appropriate all the aggravating factors "spelled out in the pre[-]sentence report."

■ Specifically, defendant contends that the trial court erred in considering aggravating factor number five, which states "the offenses alleged in Navajo County Cause Numbers 91–CR–162/163." This factor relates to charges brought against defendant in two earlier proceedings that were dismissed following his indictment in the present case. Defendant argues Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–702(C) (Supp.1992) provides that before the court may use a matter as an aggravating factor, it must be found to be true. Defendant contends that the evidence presented at the sentencing hearing regarding these prior charges was insufficient for the court to find them to be true.

It is well established that the trial court may consider a defendant's criminal character even if the defendant's conduct has not resulted in a conviction. *State v. Shuler*, 162 Ariz. 19, 21, 780 P.2d 1067, 1069 (App.1989); *State v. Cawley*, 133 Ariz. 27, 29, 648 P.2d 142, 144 (App.1982). The trial court may not, however, consider mere arrests as aggravating factors where there is "no evidence of the underlying facts to demonstrate that a crime or some bad act was probably committed by defendant...." *Shuler*, 162 Ariz. at 21, 780 P.2d at 1069.

■ Here the trial court had ample evidence from which it could determine defendant probably committed the offenses charged in the two earlier proceedings. A pre-sentence report regarding cause numbers 91–CR–162/163 was attached to the pre-sentence report in the present case and therefore made available for the trial court's consideration.[1] The pre-sentence report concerning the dismissed offenses contained facts taken from Navajo County Sheriff's Office reports and statements given by the victims. Information in pre-sentence reports taken from police records is admissible to show aggravating and mitigating circum-

stances. *State v. Marquez*, 127 Ariz. 3, 6, 617 P.2d 787, 790 (App.1980).

Furthermore, evidence was presented at the pre-sentence hearing concerning the prior charges. Among the evidence was oral testimony from a victim and another witness regarding the underlying facts of the prior offenses. Considering the information in the pre-sentence report and testimony at the sentencing hearing, substantial evidence existed in the record from which the trial court could determine that defendant committed the prior offenses.

■ Defendant next claims that the trial court overlooked two mitigating factors. He asserts that sufficient evidence was presented of (1) his remorse and (2) the lack of any large pecuniary gain from the nursing home; therefore, the trial court was required to take these factors into account as mitigating factors pursuant to A.R.S. section 13–702(C). Again, we disagree.

■ The consideration of mitigating circumstances is entirely within the discretion of the trial court. *State v. Webb*, 164 Ariz. 348, 355, 793 P.2d 105, 112 (App.1990); *State v. Bly*, 127 Ariz. 370, 372, 621 P.2d 279, 281 (1980). When a sentence is within statutory limits, it will not be modified on review unless it clearly appears that the trial court abused its discretion by showing arbitrariness or capriciousness, or by failing to conduct an adequate investigation into the facts. *State v. Fatty*, 150 Ariz. 587, 592, 724 P.2d 1256, 1261 (App.1986). The law is well established that the trial court is not obligated to find mitigating factors just because evidence is presented; the court is only required to consider them. *Id.* The trial court is in the best position to determine the evidence surrounding the aggravating and mitigating factors and which factors should be given credence. We find no abuse of discretion in the trial court's consideration of mitigating and aggravating factors.

**B. RESTITUTION**

■ Defendant also contends that the trial court erred in ordering $24,692.25 in restitu-

---

1. Defendant entered guilty pleas to four charges in 91–CR–163 pursuant to a plea agreement. All

charges in 91–CR–162/163 were apparently dismissed before sentencing.

tion to the various victims. In explaining the restitution awards, the trial court stated:

I was concerned about the restitution. Because care was given, food was received, lodging was cared for[,] [t]he people who were paying for the care did get something in return for their money [—] [i]n some cases, probably fair consideration.

Although we have a case of an illegal enterprise, fraud and forgery, the income derived by Mr. Carbajal was pretty insignificant in the case[.] ... I heard the money that he was receiving for patients ... was not high. It was probably well below market[,] so he wasn't gaining a large financial award from his enterprise.

But I have elected to order the restitution as set forth in the presentence report, as modified ... [n]ot so much as to reimburse them for that amount of money, because they received nothing.

[T]he court finds that they did receive something[,] [b]ut I don't have a proper gauge to restore them their emotional and their mental health, their sorrow and their neglect, other than what they paid out of pocket. So, I'm not really giving them their money, but it is using that as a criteria and setting the restitution for all of the other harm that was done to them.

[T]hat's why I've elected to follow the restitution as set forth in the presentence report.

The award of restitution is controlled by statute. *State v. Morris*, 173 Ariz. 14, 16, 839 P.2d 434, 436 (App.1992). A.R.S. section 13–603(C) (Supp.1993) states in relevant part:

If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court.

Under A.R.S. section 13–105(12) (Supp.1993), "economic loss" is defined as:

[A]ny loss incurred by a person as a result of the commission of an offense. Economic loss includes lost interest, lost earnings and other losses which would not have been incurred but for the offense. Eco-

nomic loss does not include losses incurred by the convicted person, damages for pain and suffering, punitive damages or consequential damages.

When read together, these statutes indicate a legislative intent to impose mandatory restitution, while limiting the types of losses for which a defendant can be ordered to pay. *Morris*, 173 Ariz. at 17, 839 P.2d at 437.

Here, the trial court's comments indicate the restitution order was made to compensate the victims for "their emotional and their mental health, their sorrow and their neglect." In other words, restitution was awarded as damages for pain and suffering, not for "economic losses" suffered by the victims. Arizona law does not authorize restitution for such losses. Accordingly, the restitution order was improper and must be remanded.

The state attempts to justify the restitution order by arguing that the trial court's statement should be read "as merely an acknowledgment that these people did not get what they paid for and that they are entitled to be made economically whole." However, the trial court's plain language explaining its purpose for the restitution refutes this argument. The trial court clearly indicates that restitution was not ordered to reimburse the victims for the fees paid to defendant. It was ordered to compensate the victims for their pain and suffering. Although the trial court used the amounts paid by the victims as the basis for calculating restitution, this cannot save the awards.

█ Pursuant to the plea agreement, defendant agreed to pay up to $30,000 for restitution to his victims. The victims remain entitled to restitution for all economic losses they have suffered as a result of defendant's offenses. A.R.S. § 13–603(C). Although the victims "received some care in return for their money," there is evidence of "economic losses" that calls for restitution. The victims and their families paid for food, lodging, and medical assistance and expertise. Although the victims were given some attention, other evidence indicates that they were deprived of food, their medication, and clean clothing and linen. When a trial court bases a restitution award on improper crite-

ria, the proper remedy is to vacate that portion of the sentence and remand the matter to the trial court for a redetermination of restitution. *See State v. Iniguez,* 169 Ariz. 533, 538, 821 P.2d 194, 199 (App.1991).

## DISPOSITION

We have reviewed the entire record for error pursuant to A.R.S. section 13–4035 (1989), and have found none other than the restitution order discussed above. Therefore, the convictions and sentences are affirmed with the exception of the restitution awards, which are vacated. This matter is remanded to the trial court for further proceedings consistent with this decision.

McGREGOR, J., and MICHAEL D. RYAN, Superior Court Judge [2], concur.