NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

ABEL PAEZ, JR., *Petitioner.*

No. 1 CA-CR 13-0174 PRPC
FILED 09-02-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR2011-006097-002
No. CR2011-006279-001
No. CR2011-115185-002

The Honorable Steven K. Holding, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Frances J. Gray
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Kenton D. Jones and Chief Judge Diane M. Johnsen joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1**        Petitioner, Abel Paez, Jr., seeks review of the trial court's order dismissing his petition for post-conviction relief.  After considering the petition for review, we grant review and deny relief for the reasons stated below.

> *I.*        *Background*

**¶2**        This matter involves three cases consolidated for post-conviction proceedings.  In case "A" (CR 2011-006279-001), Paez pled guilty to one count of aggravated robbery.  In case "B" (CR 2011-115185-002), Paez pled guilty to two counts of armed robbery, one a dangerous felony (Count 9).  In case "C" (CR 2011-006097-002), Paez pled guilty to one count of armed robbery.  In exchange for these pleas, the State dismissed seven additional counts and all allegations of dangerousness, *see* Ariz. Rev. Stat. ("A.R.S.") § 13-704 (West 2014),[1] with the exception of Count 9 of Case B.

**¶3**        The trial court sentenced Paez to nineteen years' imprisonment for armed robbery as charged in Count 9 of Case B.[2]  As stipulated in the plea agreements, the court suspended the imposition of sentence for the three remaining counts and placed Paez on three concurrent terms of five years' probation, with the terms of probation to run consecutive to the term of imprisonment. Paez then filed a consolidated "of-right" petition for post-conviction relief.  The trial court found Paez failed to present any colorable claims for relief and summarily dismissed the petition.  Paez now seeks review.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

---

[1]        We cite the current version of the statutes if no revisions material to our decision have since occurred.

[2]        The plea agreement required a sentence of 10.5 to 21 years' imprisonment for Count 9.

*II.     Sentencing*

**¶4**        The petition for review presents several distinct issues, all of which address sentencing and most of which focus on the prison sentence imposed for Count 9.  To give these issues and our analysis context, we provide a detailed history of the sentencing process in these cases.

**¶5**        At the change of plea hearing, Paez admitted he committed armed robbery as charged in Count 9 when he entered a convenience store, used a handgun to threaten the use of force against an employee of the store, and coerced her to surrender property.  Paez committed that robbery with two accomplices.  Paez also provided a factual basis to support each of his pleas to the counts for which he received probation.

**¶6**        Before Paez agreed to plead guilty, the State alleged aggravating factors for sentencing purposes in the three cases.  Those factors were the infliction or threatened infliction of serious physical injury; the use, threatened use, or possession of a deadly weapon; the presence of an accomplice; emotional or financial harm to the victim; and gang membership.  The State further alleged Paez committed the offenses charged in Cases B and C as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value, and in Cases A and B to promote, further, or assist a criminal street gang.  A consolidated presentence investigation further identified Paez's criminal history; his ongoing criminal behavior; his high risk to reoffend; his admitted "gang association"; his commission of multiple offenses; the violent nature of those offenses; the presence of accomplices; and the motive of pecuniary gain as additional sentencing factors.[3]

**¶7**        At the sentencing hearing, several witnesses spoke, including investigating officers, the victim of the aggravated robbery in Case A, that victim's father, the victim in Case C, and a witness to the robbery in Case C.  The court also heard messages that two victims in Case B forwarded to the court through investigating officers.  One of those victims was the victim of a count of armed robbery for which Paez received probation.  The other, however, was the victim of armed robbery identified in Count 1 of that case, which the court dismissed pursuant to the plea agreement.  Finally, the State played recordings of 911 calls and/or surveillance videos related to several of the robberies, some of which involved counts to which Paez pled guilty and some of which involved dismissed counts.  The victim

---

[3]        Although Paez denied gang "membership," he admitted he "hung out" with the gang in question.

of Count 9 did not appear at sentencing, submit any information for the presentence report, or otherwise provide any information for the court's consideration. The State, however, played a surveillance video of the Count 9 armed robbery for the court.

¶8  When it came time to impose sentence, the trial court initially addressed Case A, the aggravated robbery. As it did so, however, the court addressed the aggravating and mitigating factors for the three cases collectively, not for just Case A. This is evident from the court's discussion of the aggravating factors in the context of the "victims," the "victims' statements," "all files," the "pattern" of offenses, and the "multiple dates" on which Paez committed the offenses.

¶9  In its identification of aggravating and mitigating factors, the trial court noted it had considered the plea agreements, the presentence report, the victims' statements, and the statements of family. The court noted it had considered all factors presented and had reviewed all three files. The court identified as "potential" aggravating factors the emotional harm to the victims, the presence of accomplices, the presence of multiple victims, "the multiple dates, in a pattern," pecuniary gain, and Paez's gang "affiliation." The court refused to consider Paez's juvenile history as an aggravating factor and declined to find the offenses constituted a "spree." The court did, however, believe Paez was a threat to public safety. The court found Paez's strong family support, his age, and his apparent remorse were mitigating factors. Finally, the court found the aggravating factors outweighed the mitigating factors.

¶10  The court then addressed the individual counts. As to the aggravated robbery in Case A, the court stated it would follow the terms of the plea agreement and place Paez on five years' probation. The terms of probation included the special "gang" terms of probation. As to the armed robbery in Case C, the court noted, "Again[,] I've considered the previous factors." The court stated it would follow the terms of the plea agreement and place Paez on five years' probation, including the special "gang" terms.

¶11  The court then addressed the two counts of armed robbery in Case B. Regarding Count 4, the court stated, "On that matter, based upon the foregoing for the same reasons I'm placing you on probation, which is a term and condition of the plea agreement." After explaining the terms and conditions of probation for Count 4, the court addressed Count 9:

> The Court has reviewed the plea agreement, has reviewed the aggravating factors, ha[s] reviewed the mitigating factors and

does find that the aggravating factors are overwhelming in this particular case.

The Court notes it's a strong interest to public safety at this point in time, sir, so I'm sentencing you to the Arizona Department of Corrections for a period of 19 years.

### III.    *The Petition for Review*

¶12        Paez argues the trial court erred when it considered facts and circumstances of dismissed counts and counts for which Paez received probation as aggravating factors for Count 9.  Paez argues the court should have discussed the sentencing factors for each count separately.  We deny relief.  First, although "[t]he better practice is to discuss aggravating and mitigating factors for each count separately . . . that is not an absolute requirement."  *State v. Williams*, 182 Ariz. 548, 558, 898 P.2d 497, 507 (App. 1995) (citation omitted), *superseded in part on other grounds by* Ariz. R. Evid. 104.   Second, a trial court may consider a defendant's criminal character and criminal history as aggravating factors for sentencing purposes.  *See State v. Williams*, 134 Ariz. 411, 413-14, 656 P.2d 1272, 1274-75 (App. 1982).  The court may consider the defendant's criminal character even if the conduct did not result in a criminal conviction, and even if any charges were dismissed, as long as there is sufficient information "to demonstrate that a crime or some bad act was probably committed by [the] defendant."  *State v. Carbajal*, 177 Ariz. 461, 463, 868 P.2d 1044, 1046 (App. 1994) (citation omitted).  Therefore, the court could consider facts and circumstances of other counts, including dismissed counts, in its determination of the appropriate sentence for Count 9.[4]  Finally, we will not presume the trial court, as implied by Paez, did something so nonsensical as find Count 9 itself involved multiple victims and multiple dates.  The court referred to the victims and dates of offenses collectively, and as noted above, the court could consider Paez's criminal character and conduct in general in its determination of the appropriate sentence for Count 9.

¶13        Paez next argues the trial court erred when it considered emotional harm to the victim as an aggravating factor for Count 9 even though the victim of Count 9 did not appear at sentencing, submit

---

[4]    We will not assume the trial court actually considered any information from the dismissed counts in its determination of the appropriate sentence.  The court did not indicate it considered any such information, and the State's presentation of information from the dismissed counts does not establish the court considered that information.

information for the presentence report, or otherwise provide information for the court's consideration. Although the trial court did reference emotional harm to the victims in its general discussion of aggravating factors, the court did not actually identify emotional harm to the victim of Count 9 as an aggravating factor for Count 9. Absent an express finding, we will not assume the trial court found emotional harm to the victim of Count 9 if there was no evidence of emotional harm. "Trial judges 'are presumed to know the law and to apply it in making their decisions.'" *State v. Lee*, 189 Ariz. 608, 616, 944 P.2d 1222, 1230 (1997) (citations omitted). Further, the trial court did view a video of Paez committing armed robbery of the victim in Count 9. Although that video was not admitted into evidence and is not part of the record on review, we presume it supported the decision of the trial court. *See State v. Mendoza*, 181 Ariz. 472, 474, 891 P.2d 939, 941 (App. 1995).

¶14     Paez also argues the trial court erred when it considered the presence of accomplices as an aggravating factor pursuant to A.R.S. § 13-701(D)(4). Paez contends this was improper because the State had already "structured this factor into all three plea agreements." Although the plea agreements identified the accomplice liability provisions of A.R.S. §§ 13-301 to -304 as bases of liability, there is nothing in the plea agreements that prevented the court from considering the presence of accomplices as aggravating factors. Further, Paez cites no legal authority that would prevent the court from considering this factor and we are aware of none.

¶15     Paez next argues the trial court erred when it considered the commission of the offenses over multiple dates and the "pattern" of the offenses as aggravating factors for Count 9. Paez argues it was improper for the court to consider these factors because they involved counts that were dismissed and/or for which he received probation. We deny review because, for the reasons stated above, the court could consider these factors as part of Paez's criminal character and history. *See Williams*, 134 Ariz. at 413-14, 656 P.2d at 1274-75; *Carbajal*, 177 Ariz. at 463, 868 P.2d at 1046. We also note there is no evidence the court actually considered the dates or patterns related to dismissed counts as aggravating factors for Count 9.

¶16     Paez also contends the trial court erred when it considered his "multiple victims" as an aggravating factor for Count 9. Paez argues the State provided no notice it would seek to utilize this as an aggravating factor and Count 9 had only one victim. For the reasons noted above, the court could consider Paez's criminal character and history when determining the appropriate sentence to impose for Count 9. This includes the fact Paez committed multiple criminal offenses that involved multiple

victims, regardless of the fact Count 9 itself had only one victim. Regarding notice, within the numerous counts with which the State charged Paez, the State identified seven different victims. The counts to which he pled guilty involved four different victims. Further, the presentence report identified Paez's commission of multiple offenses as a sentencing factor, and Paez knew those multiple offenses involved multiple victims.[5] Therefore, for purposes of due process, Paez had adequate notice the court might consider the existence of multiple victims as a sentencing factor.

¶17        Paez next argues the trial court erred when it considered pecuniary gain as an aggravating factor for Count 9. *See* A.R.S. § 13-701(D)(6). Paez argues Count 9 involved only approximately sixty dollars and some beer. We deny relief because there is no minimum amount of pecuniary gain the State must establish before a trial court may find pecuniary gain as an aggravating factor. Further, there is nothing in the record to suggest the trial court relied on the aggregate amount of money taken in all of the offenses to find pecuniary gain as an aggravating factor for Count 9.

¶18        Paez next contends the trial court erred when it stated it believed Paez was a threat to public safety. Paez argues the State did not provide notice it would seek to use this as an aggravating factor. He further argues he did not threaten or harm the victim in Count 9. We again deny relief. The court stated its belief as an explanation for why it believed the sentence it imposed was appropriate. The court's belief was not a separate aggravating factor. Further, Paez's argument regarding the absence of threats to the victim is patently frivolous.

¶19        Paez next asserts the trial court erred when it considered his gang "affiliation" as an aggravating factor. Paez first argues the court could not consider his gang affiliation because the State agreed to dismiss Count 12 of Case B, which charged Paez with participating in or assisting a criminal street gang. As charged in this case, a person commits assisting a criminal street gang by committing any felony offense for the benefit of, at the direction of, or in association with any criminal street gang. A.R.S. § 13-2321(B). Paez further argues the State identified his gang "membership" as an aggravating factor, not his "affiliation." We deny relief. There is no authority in general nor is there any provision in the plea agreement to

---

[5]        Identification of aggravating factors in presentence memoranda or presentence reports provides adequate notice of the aggravating factors the State intends to offer for sentencing purposes. *State v. Jenkins*, 193 Ariz. 115, 121, 970 P.2d 947, 953 (App. 1998).

prevent the court from considering Paez's gang affiliation as an aggravating factor despite the fact the State agreed to dismiss the count of participating in or assisting a criminal street gang. Regarding notice, the presentence report identified Paez's "gang association" as a sentencing factor. This was sufficient to provide Paez notice that the State would seek to rely on Paez's gang "affiliation" as an aggravating factor.

**¶20** Paez next argues his waiver of a jury trial regarding the existence of aggravating factors was invalid. Paez first argues his waiver was invalid because the State did not provide sufficient notice of its intent to use the aggravating factors addressed above. Because we have previously determined Paez received adequate notice and the trial court could otherwise consider the factors at issue, we deny relief. Paez also argues his waiver was invalid because no one told him that, by pleading guilty based in part on accomplice liability, he was admitting a statutory aggravating factor.[6] We deny relief based on this argument as well because there is nothing to suggest the court found the existence of accomplices based on Paez's guilty plea and Paez has never contested that he committed the offenses with accomplices.

**¶21** Paez next contends the trial court "exposed" him to potential double jeopardy on the counts for which he received probation when the court considered the statements of the victims of those counts in its determination of the appropriate prison sentence for Count 9. Paez argues that, if the court eventually revokes probation and imposes terms of imprisonment, the court will consider the harm to the victims and any statements they may provide, all of which, Paez argues, the court considered in the context of Count 9. We deny relief. The double jeopardy protections of the Fifth Amendment "protect against: (1) a second prosecution for the same offense following acquittal; (2) a second prosecution for the same offense following conviction; and (3) multiple punishment for the same offense." *Taylor v. Sherrill*, 169 Ariz. 335, 338, 819 P.2d 921, 924 (1991) (citations omitted). "Double jeopardy principles[, however,] generally do not apply to sentencing proceedings." *State v. Ring*, 204 Ariz. 534, 548, ¶ 27, 65 P.3d 915, 929 (2003); *accord Monge v. California*, 524 U.S. 721, 728 (1998). Further, "[i]n a probation revocation proceeding, [] a defendant's double jeopardy rights are not implicated. This is because the proceeding does not create a risk of conviction and therefore does not place a probationer in jeopardy within the meaning of the constitution." *State v. Broman*, 228 Ariz. 302, 304, ¶ 6, 265 P.3d 1101, 1103 (App. 2011)

---

6 Paez does not present this issue in the context of ineffective assistance of counsel.

(citations omitted). If the court ever considers the statements of the victims in its determination of the appropriate sentences to impose after a revocation proceeding, that consideration will not be the equivalent of a second prosecution for the same offense following acquittal or conviction, nor will it constitute multiple punishment for the same offense.

¶22      The final two issues Paez presents for review assert claims of ineffective assistance of trial counsel. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

¶23      Paez first argues his trial counsel was ineffective when counsel failed to advise Paez of the consequences of pleading guilty to Count 9 based in part on accomplice liability. Paez argues stipulating to accomplice liability in the plea agreement eliminated the need for the State to prove the existence of this statutory aggravating factor and permitted the court to find other non-statutory factors. We deny relief. The State identified the presence of an accomplice as an aggravating factor before sentencing. Despite the stipulation in the plea agreement, the State proved Paez committed the offense with accomplices and Paez has never disputed he committed the offense with accomplices. As noted above, there is nothing to suggest the court found the existence of accomplices based on Paez's guilty plea alone. We also note motive of pecuniary gain was at least one other statutory aggravating factor that permitted the court to consider other non-statutory aggravating factors. *See* A.R.S. § 13-701(D)(6). Therefore, pleading guilty based in part on accomplice liability had no effect on the court's ability to consider and find the presence of an accomplice as an aggravating factor for sentencing purposes. Paez has failed to present a colorable claim of ineffective assistance of counsel.

¶24      Finally, Paez argues his counsel was ineffective when counsel failed to object to the "unnoticed and inappropriate" aggravating factors we have addressed above. We deny relief because we have already determined the State gave sufficient notice of those factors and the trial court properly considered those factors for sentencing purposes.

¶25        For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh