NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BROKALE LYTTE MARQUES, *Petitioner*.

No. 1 CA-CR 17-0657 PRPC
FILED 4-26-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2013-003804-001 DT
The Honorable David O. Cunanan, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Brokale Lytte Marques, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**W I N T H R O P**, Presiding Judge:

**¶1**　　　　Brokale Lytte Marques petitions this court for review of the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**　　　　In 2013, Marques was indicted on alternative counts of first degree murder (Count I) and second degree murder (Count II), each a class one felony, dangerous crime against children, and domestic violence offense. He was also indicted on Count III, child abuse, a class two felony, dangerous crime against children, and domestic violence offense.

**¶3**　　　　After an evidentiary hearing on the voluntariness of his incriminating statements—which were deemed admissible—and a settlement conference, Marques agreed to plead guilty to amended Count I, child abuse, a class two felony and dangerous crime against a child, and amended Count III, attempted child abuse, a class three felony and dangerous crime against a child. The superior court dismissed Count II.

**¶4**　　　　Although the presumptive term for Count I was seventeen years, the plea provided for a term of twenty-three years' imprisonment for Count I, with a consecutive term of probation for Count III. The court sentenced Marques to twenty-three years' imprisonment and a consecutive term of three years' probation.

**¶5**　　　　After appointed Rule 32 counsel filed a notice of completion of review, Marques filed a timely "of right" *pro per* petition for post-conviction relief ("PCR"), claiming ineffective assistance of counsel, his sentence violated the Eighth Amendment and equal protection, the sentence was otherwise unlawful based on the factors considered, his plea violated double jeopardy, and his plea was not voluntary. The superior court summarily denied his petition.

**¶6**　　　　A plea agreement waives all non-jurisdictional defenses, errors, and defects that occur before the plea. *See, e.g., State v. Toulouse*, 122 Ariz. 275, 277 (1979). After a settlement conference, Marques entered a plea and advised the superior court during the plea colloquy that his plea was voluntary, and not the result of any force or threats. Generally, statements to the court at a change of plea regarding voluntariness are binding on a defendant. *See State v. Hamilton*, 142 Ariz. 91, 93 (1984).

**¶7**　　　　Additionally, when Marques originally sought to avoid his plea agreement just before sentencing via his own *pro per* request, the superior court made a finding on the record, again, that his plea was

voluntary, and found no "manifest injustice" to permit him to withdraw his guilty plea. What is clear from the record is that Marques sought to reinstate another plea offer, and nothing supports his claim that the plea was not his decision. The superior court did not abuse its discretion in finding no "manifest injustice" sufficient to permit withdrawal, or in denying his PCR seeking to invalidate his plea on voluntariness grounds.

¶8        Marques' argument that the murder charges constituted overcharging of the case, which forced him to plead, is a corollary to his claim of an involuntary plea and has no merit. Arizona Rule of Criminal Procedure 12.9 exists to challenge any proceedings held before the grand jury. Marques did not so challenge the indictment. Once he pled guilty, he agreed to modify the indictment to the offenses to which he pled. He also agreed to waive or give up any probable cause determinations to which he pled. Therefore, he has waived any such challenges.

¶9        Because Marques has pled to and been sentenced for a non-capital offense, we view his case to determine if his sentence is "grossly disproportionate" to the crime. *State v. Berger*, 212 Ariz. 473, 475-76, ¶¶ 10-11 (2006). Pursuant to *Berger*, we first find the sentencing structure that led to Marques' sentence is an appropriate response to the crime of child abuse. *See generally id.* at 477, ¶ 17. This advances the goal of preventing and deterring individuals from causing death or serious injury to children. *See State v. Poehnelt*, 150 Ariz. 136, 143 (App. 1985) ("The special interest in protecting children is another factor affording broader leeway to legislation directed to that end." (citation omitted)). Additionally, a prison sentence is not grossly disproportionate to the crime committed if it arguably furthers the State's penological goals, thus reflecting a rational legislative judgment entitled to deference. *Berger*, 212 Ariz. at 477, ¶ 17 (citation and quotation marks omitted).

¶10        Marques stipulated to the term of imprisonment he received for his plea to class two felony child abuse, in lieu of receiving a possible term of thirty-five years to life if convicted at trial for the death of his child. The facts do not reflect that his sentence was a violation of the Eighth Amendment, "cruel and unusual," or "grossly disproportionate."

¶11        The transcripts of his settlement conference and evidentiary hearing, the pre-sentence report, and the State's response to his PCR show Marques left his one-year-old child unattended in a running vehicle for approximately two hours, took the child to lunch, then again left him in the same vehicle for almost *three* hours—with no air conditioning on a very hot day. When Marques realized what had occurred, he lied about what led to

the child's injuries to mall security guards who initially contacted him and the child, and then lied to the doctor and police before changing his story. His child's temperature had reached at least 106 degrees.

¶12        Two days after being placed on life support, the victim was "removed from life support and declared deceased as a result of the injuries sustained after being left in a hot car for multiple hours." Given the actions of Marques, and the extent of the harm caused by his actions—to which he fully admitted—we do not conclude either the sentencing structure or his sentence is unconstitutional.

¶13        Marques also refers to anecdotal evidence in his PCR and petition for review to argue his sentence violates equal protection based on dispositions in other cases. Because no inference of gross disproportionality exists, however, no intra- or inter-jurisdictional analysis is required. *See State v. Mott*, 187 Ariz. 536, 547 (1997). His claim is without merit.

¶14        Marques claims the superior court relied on an improper aggravating factor when it referred to "the nature of the offense" in reaching the stipulated sentence. He complains as well that the court did not appropriately weigh any mitigating factors, other than remorse, in reaching a sentence. The weight to be given any mitigating circumstance rests within the superior court's sound discretion. *State v. Cazares*, 205 Ariz. 425, 427, ¶ 8 (App. 2003). A court is not required to make its sentencing decision based on the mere number of aggravating or mitigating circumstances. *State v. Marquez*, 127 Ariz. 3, 7 (App. 1980). Provided the superior court fully considers the factors relevant to imposing sentence, as the court did in this case, we will not find an abuse of discretion. *See id.*

¶15        Before Marques' stipulated plea, the State alleged the victim suffered serious physical injury and physical harm. At sentencing, the superior court found the aggravated sentence was appropriate based on "the nature of the offense, *the harm to the victim* that outweigh[s] any mitigating factors of remorse; [and] therefore[,] that 23-year sentence is appropriate." (Emphasis added.) Therefore, the court enumerated an appropriate factor in accordance with Arizona Revised Statutes ("A.R.S.") section 13-701(D)(9).[1]

---

[1]      We cite the version of the statutes in effect at the time the crimes occurred.

¶16         Additionally, because the victim suffered serious injury, then died, substantial evidence in the record supports the harm to the victim as including "serious physical injury."  The "nature of the offense" would have incorporated the "harm" that occurred, as well as the very young age of the child.  The superior court enumerated the factor or factors it depended on to justify the stipulations in the plea, and this was based on evidence in the record.  *See* A.R.S. §§ 13-701(C), -705(D).

¶17         To the extent Marques claims the court could not aggravate his sentence with the ultimate harm to his child, or the "nature of the offense" (i.e., circumstances surrounding the offense), his claim lacks merit. He pled to "intentionally or knowingly" acting "[u]nder circumstances likely to produce death or serious physical injury."  A.R.S. § 13-3623(A)(1). The actual injuries to his child constituted both serious physical injury and suffering that ultimately resulted in death.  It is not "double counting," as he claims.

¶18         Marques did not need to intend or know his actions would likely produce death or serious physical injury, but must have intentionally or knowingly committed the "circumstances" that could have produced the result.  *See State v. Payne*, 233 Ariz. 484, 505-06, ¶¶ 68-73 (2013).  In the instant case, Marques met the requirement of intentionally or knowingly placing his child in the position wherein the injuries occurred.  The result went beyond "likelihood" and became the horrific reality of the death of the young child.  The use of the harm to the child was appropriate as an aggravator. We also note, although not enumerated by the court, the record clearly supports the age of the child as an aggravating factor, which would encompass the "nature of the offense" cited by the superior court and would fall within the statute's "catchall" provision.  *See* A.R.S. § 13-701(D)(24).

¶19         Marques claims as a mitigating circumstance—and as a basis for ineffective assistance of counsel for failing to investigate and produce mitigating circumstances—alleged cognitive injuries as the result of an automobile accident years before. The superior court was aware of the 2002 accident, however, which occurred approximately eleven years before Marques' charges.  However, nowhere in the record, including in the third-party letters attached to his amended PCR, is there *objective* third-party evidence of cognitive dysfunction, or an inability to conform to the dictates of the law, and Marques attaches no expert reports to support his claim. *See* Ariz. R. Crim. P. 32.5(d) (eff. Jan. 1, 2018).

¶20 Marques' claim of double jeopardy is also without support. The record reflects he admitted two separate incidents of child abuse. The first (represented by Count III) was when he left his child in the car in the morning for two hours while he went to work. The second, directly resulting in death, was when—after he took the child to lunch, then returned—he again left the child alone in the car. The record reflected at his change of plea that Marques was aware he was admitting two distinct incidents based on his actions.

¶21 A defendant may waive double jeopardy just as he may waive other constitutional rights. *Dominguez v. Meehan*, 140 Ariz. 329, 332 (App. 1983). "[W]aiver of the prohibition against double jeopardy must be express rather than implied." *State v. Millanes*, 180 Ariz. 418, 420 (App. 1994) (citation omitted). A defendant waives double jeopardy by a plea of guilty. *Dominguez*, 140 Ariz. at 332. Based on the evidence of record, during the colloquy it was made clear—and Marques agreed—he was pleading to separate offenses. Additionally, in his plea agreement, Marques indicated he waived and gave up "any and all motions, defenses, objections, or requests" that he either made or could have raised. Therefore, he waived this claim.

¶22 Moreover, it is irrelevant the acts were committed within a relatively short time span. *See State v. Griffin*, 148 Ariz. 82, 86 (1986). Even assuming his claim was not waived, the incidents are distinct and separate, and appropriately subject him to separate punishments. The record reflects he twice left his child unattended in his car on a hot day. There is a clear separation of actions that supports two charges and two sentences.

¶23 Because none of his claims has merit, it follows there is no evidence of deficient performance of counsel resulting in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

¶24 Accordingly, we grant review but deny relief.

